IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | § | C.A. NO. 4:17-CV-00793 |
| | § | |
| VS. | § | |
| | § | |
| CBC CONGLOMORATE, LLC, | § | JURY |
| ET AL | § | |

## DEFENDANTS BRUCE PHILLIP HOOD, CAREY GEORGE HOWE, AND JAY SINGH'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendants Bruce Phillip Hood, Carey George Howe, and Jay Singh (the "Individual Defendants") file this Motion to Dismiss.

**1.    Relief Requested.**

Pursuant to Rule 12(b)(2), the Court should dismiss Plaintiff Craig Cunningham's complaint against the Individual Defendants because this Court lacks personal jurisdiction over them.

**2.    Summary of Motion.**

This Court should dismiss Cunningham's lawsuit against the Individual Defendants because this Court lacks personal jurisdiction over each of them. Each of the Individual Defendants is domiciled in California. Cunningham is a resident of Tennessee. Cunningham, a serial *pro se* plaintiff, has filed this lawsuit alleging the Defendants violated the TCPA and the FDCPA. Cunningham alleges, in conclusory

1

fashion, that each of the Defendants are debt collectors involved in telephone calls to him (apparently in Tennessee) that he claims violated the TCPA and FDCPA. Cunningham has not alleged any conduct on the part of the Individual Defendants which would subject them to jurisdiction in a Texas Court.

This Court lacks general jurisdiction over each of the Individual Defendants. This Court lacks specific jurisdiction over each of the Individual Defendants. The Court should dismiss this lawsuit against the Individual Defendants based on a lack of personal jurisdiction.

**3. The Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.**

**3.1. The Individual Defendants.**

Hood makes his domicile in California and has done so at all relevant times.

Howe makes his domicile in California and has done so at all relevant times.

Singh makes his domicile in California and has done so at all relevant times.

**3.2. Cunningham's Burden and the Applicable Standard.**

"When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). If "the district court rules on a motion to dismiss for lack of personal jurisdiction 'without an evidentiary hearing, the plaintiff may bear his burden by presenting a *prima facie* case that personal jurisdiction is proper.'" *Quick Techs., Inc. v. Sage Group PLC*, 313 F.3d 338, 343 (5th Cir. 2002) (*quoting Wilson*, 20 F.3d at 648)). In responding to a motion to dismiss,

"the plaintiff cannot stand on its pleadings, but must, through affidavits or otherwise, set forth specific facts demonstrating that the Court has jurisdiction." *Quilling v. Stark*, No. 3:05-CV-1976-L, 2006 WL 1683442, *3 (N.D. Tex. June 19, 2006) (*quoting Earle v. Aramark Corp.*, No. 3-03-CV-2960-K, 2004 WL 1879884, *2 (N.D. Tex. Aug. 16, 2004)). Although the court "must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts," it "is not obligated to credit conclusory allegations, even if uncontroverted." *Breathwit Marine Contractors, Ltd. v. Deloach Marine Servs., LLC*, 994 F. Supp. 2d 845, 848 (S.D. Tex. 2014) (citations omitted). *See also, e.g., Dahlstrom v. Dawkins*, No. 4:15-CV-384-ALM-CAN, 2015 WL 9647521, *2 (E.D. Tex. Nov. 20, 2015) (Nowak, M.J.), *report and recommendation adopted*, 2016 WL 69905 (E.D. Tex. Jan. 6, 2016).

With few exceptions not applicable here, "the district court's personal jurisdiction is coterminous with that of a court of general jurisdiction of the state in which the district court sits." *Evergreen Media Holdings, LLC v. Safran Co.*, 68 F. Supp. 3d 664, 673 (S.D. Tex. 2014) (*citing Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 418 (5th Cir. 2001)). Courts in Texas may exercise personal jurisdiction over a nonresident if "(1) the Texas long-arm statute authorizes the exercise of jurisdiction, and (2) the exercise of jurisdiction is consistent with federal and state constitutional due-process guarantees." *DeJoria v. Maghreb Petroleum Expl., S.A.*, 804 F.3d 373, 388 (5th Cir. 2015) (*citing Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 414 S.W.3d 142, 149 (Tex. 2013)). Texas's long-arm statute extends to the limits of federal constitutional due process, so

3

the analysis collapses into a due process analysis. *See Companion Prop. & Cas. Ins. Co. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013). Thus, "[a]sserting personal jurisdiction comports with due process when (1) the nonresident defendant has minimum contacts with the forum state, and (2) asserting jurisdiction complies with traditional notions of fair play and substantial justice." *DeJoria*, 804 F.3d at 388.

A defendant establishes minimum contacts with a state when he purposefully avails himself "of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Id.* (citations omitted). The "due process requirements . . . 'must be met as to each defendant over whom a . . . court exercises jurisdiction.'" *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 653 (5th Cir. 2002) (*quoting Rush v. Savchuk*, 444 U.S. 320, 332 (1980)).

### 3.3. This Court Lacks General Jurisdiction Over the Individual Defendants.

General personal jurisdiction exists if a defendant's contacts arise from continuous, systematic, and substantial presence in the forum state. *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 415 (1984); *Palermo*, 723 F.3d at 559. The Supreme Court has clarified that to establish general personal jurisdiction over a corporate entity such as CBC or USFFG, its "affiliations with the State [must be] so 'continuous and systematic' as to render [it] essentially at home in the forum State,'" akin to the "paradigm bases for general jurisdiction" of a corporation's place of incorporation or principal place of business. *Daimler AG v. Bauman*, 134 S. Ct. 746, 760-

4

61 (2013) (*quoting Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)). An individual defendant will be considered "at home" where he or she is domiciled. *See Daimler AG*, 134 S.Ct. at 760. Only in exceptional cases where an individual be found to be "at home" in a forum outside his or her domicile. *Reich v. Lopez*, 38 F.Supp.3d 436, 455 (S.D.N.Y. 2014).

Nothing in the Complaint suggests any of the Individual Defendants have the continuous and systematic contacts with the State of Texas required for general personal jurisdiction, nor could it. Each of the Individual Defendants lacks the continuous and systematic jurisdictional contacts with the State of Texas to render it "essentially at home" there. Cunningham has not alleged any continuous and systematic jurisdictional contacts on the part of the Individual Defendants. The Individual Defendants each domiciled in California, as alleged by Cunningham. An individual defendant will be considered "at home" where he or she is domiciled. *Daimler AG*, 134 S.Ct. at 760.

Accordingly, there is no basis for the Court to find a *prima facie* showing of general jurisdiction over any of the Individual Defendants. *Cf. Evergreen Media Holdings, LLC v. Safran Co.*, 68 F. Supp. 3d 664, 683 (S.D. Tex. 2014).

### 3.3. This Court Lacks Specific Jurisdiction Over the Defendants.

This Court lacks specific jurisdiction over the Defendants. Specific jurisdiction requires that a defendant purposefully directed its activities at the State of Texas, and that Plaintiff's claimed injury arose from those same activities. *See Burger King Corp. v.*

*Rudzewicz*, 471 U.S. 462, 471 (1985). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State." *Id.* at 474-75. Thus, to show minimum contacts, the plaintiff is required to point to "*an action of the defendant* purposefully directed toward the forum State." *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 112 (1987) (emphasis added). *See also Vanderbilt Mortg. and Fin., Inc. v. Flores*, 692 F.3d 358, 375 (5th Cir. 2012) (setting forth the analytical framework). Cunningham states no facts against the Defendants, nor can he, that can result in a finding of specific personal jurisdiction over the Defendants in the State of Texas.

It is black letter law that the "'*minimum contacts' necessary to create specific jurisdiction . . . . must arise out of contacts that the 'defendant himself' creates with the forum State*." *Walden v. Fiore*, 134 S. Ct. 1115, 1122-23 (U.S. 2014)(emphasis added). The Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Id.* (collecting cases). Here, Plaintiff alleges merely that information about CBC's services was provided to him by USFFC in connection with their alleged solicitation of student loan consolidation services. (Compl. at ¶¶ 19-22). As Cunningham alleges no conduct by CBC whatsoever, he alleges no contacts between CBC and Texas.

Cunningham is not a Texas resident. Mr. Cunningham is a prolific serial plaintiff who has filed sixty-two lawsuits in the United States District Court for the Middle

District of Tennessee alone. Cunningham alleges a mailing address in Plano, Texas. (See Compl. at ¶ 1); however, Cunningham's signature block indicates a mailing address in Nashville, Tennessee. The Plano address corresponds to "The Mailing Point," a "packing, shipping, printing and business services" firm. See http://www.mailingpoint.com.[1]

Even with this change, there is no dispute that Plaintiff is a Tennessee resident with a Tennessee telephone number, and thus no conduct regarding telephone calls or other communications directed at him could have been directed to, or be jurisdictionally relevant to, Texas. *Cf. Rinky Dink, Inc. v. Elec. Merch. Sys., Inc.*, No. C13-01347-JCC, 2014 WL 12103245, *3 (W.D. Wash. Nov. 4, 2014) (finding "knowledge that Washington area codes were being called suffices to establish a prima facie case for personal jurisdiction"). *See also Lowe v. CVS Pharmacy, Inc.*, 233 F. Supp. 3d 636, 645 (N.D. Ill. 2017) (making similar ruling with respect to Illinois area code and collecting cases).

While Cunningham alleges, without any stated basis, that, "The telephone calls which led to the violations of alleged here occurred in Texas. The Defendants made multiple unsolicited telephone calls to the Plaintiff and other Texas residents.," (Compl. at ¶ 8), none of those purported calls could have affected him given his Tennessee residency. Any jurisdictional contacts that may have been created with respect to other

---

[1] The Defendants request that the Court take judicial notice of the address and description of The Mailing Point on the cited website as said facts are either generally known in the District or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *Accord* Fed. R. Evid. 201(b).

persons that, unlike Cunningham, are in Texas, fail to provide the requisite link for specific personal jurisdiction, between Plaintiff's claims and conduct directed at Texas. The Supreme Court specifically rejected such an approach in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1781 (U.S. 2017), explaining:

> The mere fact that other plaintiffs were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims. As we have explained, "a defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction." *Walden*, [134 S.Ct. at 1123]. This remains true even when third parties (here, the plaintiffs who reside in California) can bring claims similar to those brought by the nonresidents. . . . What is needed—and what is missing here—is a connection between the forum and the specific claims at issue.

*See also Spratley v. FCA US LLC*, No. 317CV0062MADDEP, 2017 WL 4023348, *7 (N.D.N.Y. Sept. 12, 2017) ("Similarly, in this case, the out-of-state Plaintiffs have shown no connection between their claims and Chrysler's contacts with New York. Therefore, the Court lacks specific jurisdiction over the out-of-state Plaintiffs' claims.").

### 3.4. Asserting Personal Jurisdiction over the Defendants Would Violate Due Process.

Furthermore, asserting personal jurisdiction over the Individual Defendants under these circumstances would offend due process. *Burger King*, 471 U.S. at 475. Due process requires that the Individual Defendants have sufficient minimum contacts with Texas arising from their conduct and connections with Texas that would cause them to

expect to be brought before the State's courts. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Such contacts must be somewhat substantial, and cannot merely be "random, fortuitous or attenuated." *Burger King*, 471 U.S. at 475. Nothing in the Complaint suggests exercising jurisdiction over the Individual Defendants under the circumstances of this case would comport with due process. The only connection that Plaintiff claims to Texas is a mailing address that is not alleged to have received any of the alleged communications (which in any event were allegedly by telephone and e-mail). As discussed, an out-of-state plaintiff's alleged out-of-state injuries fail as a matter of law to qualify as a substantial jurisdictional contact with the state of Texas for any purpose. Exercising personal jurisdiction over the Individual Defendants under the conclusory and geographically misplaced allegations would raise acute due process concerns. Even if one delves further and reads the Complaint quite leniently, it fails to state any facts showing that the Individual Defendants purposefully directed any conduct toward Texas, so as to render the exercise of jurisdiction by a court in Texas regarding Cunningham's claims reasonable and fair.

The Court should dismiss Cunningham's Complaint against the Individual Defendants for lack of personal jurisdiction.

4.  **Prayer.**

The Individual Defendants request the Court award following relief:

- Dismiss Cunningham's complaint because this Court lacks personal jurisdiction over the Individual Defendants.

- Award the Individual Defendants such other and further relief to which they may be justly entitled.

Respectfully submitted,

**LANZA LAW FIRM, PC**


*/s/ Stewart K. Schmella*
**NICHOLAS J. LANZA**
TBA No. 11941225
**STEWART K. SCHMELLA**
TBA No. 24033041
4950 Bissonnet
Houston, Texas 77401
(713) 432-9090
(713) 668-6417 Facsimile
eservice@lanzalawfirm.com
sschmella@lanzalawfirm.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document was served via the Court's ECF system and CMRRR as follows on January 26, 2018:

Craig Cunningham
5543 Edmondson Pike, Ste 248
Nashville, Tennessee 37211


*/s/ Stewart K. Schmella*
**NICHOLAS J. LANZA/**
**STEWART K. SCHMELLA**