**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| CRAIG CUNNINGHAM, § § Plaintiff, § § v. § § CBC CONGLOMERATE LLC, BRUCE § PHILLIP HOOD, CAREY GEORGE § HOWE, USFFC INC., JAY SINGH, § JOHN/JANE DOE'S 1-5, § § Defendants. § | CIVIL ACTION NO. 4:17-CV-00793-ALM-CAN |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendants Bruce Phillip Hood, Carey George Howe, and Jay Singh's Motion to Dismiss for Lack of Personal Jurisdiction ("Motion to Dismiss") [Dkt. 17]. After reviewing the Motion to Dismiss, and all other relevant filings, the Court recommends that Defendants' Motion to Dismiss [Dkt. 17] be **DENIED** and Plaintiff be ordered to file an amended complaint.

**BACKGROUND**

Plaintiff Craig Cunningham ("Plaintiff"), proceeding *pro se*, filed his Complaint in the instant case on November 9, 2017 [Dkt. 1], asserting that Defendant CBC Conglomerate LLC ("CBC") contracted with Defendant USFFC Inc. to repeatedly call his mobile telephone number via an "automated telephone dialing system" in order to sell him unsolicited student loan consolidation services, unrelated to any emergency purpose, and that during such calls Defendants falsely claimed to be part of the federal government [Dkt. 1]. Plaintiff further alleges that individual Defendants Bruce Phillip Hood ("Hood"), Carey George Howe ("Howe"), and Jay

Singh ("Singh") (collectively, the "Individual Defendants") were officers of CBC and/or USFFC [*see* Dkt. 1 at 1-3]. Plaintiff alleges that the actions of Defendants violated 47 U.S.C § 227(b) of the Telephone Consumer Protection Act ("TPCA") and 15 U.S.C § 1692(e) of the Fair Debt Collection Practices Act ("FDCPA), and intentionally invaded Plaintiff's privacy [Dkt. 1].

Relevant herein, Plaintiff's complaint alleges that the Individual Defendants are residents of California [Dkt. 1 at 1-2]. Plaintiff's complaint further specifically avers that

> Jurisdiction of this [C]ourt arises as the defendants['] continuous and systematic contacts within the state of Texas in placing numerous phone calls to consumers in the state of Texas as part of a robocall marketing campaign in which numerous phone calls were made to consumers across the country.
> \*\*\*
> Venue in this District is proper as the defendants are subject to personal jurisdiction based on the continuous and systematic contacts within the forum state of Texas. The telephone calls which led to the violations of [sic] alleged here occurred in Texas. The Defendants made multiple unsolicited telephone calls to the Plaintiff and other Texas residents.

[Dkt. 1 at 2].

The Individual Defendants filed the present Motion to Dismiss on January 26, 2018, arguing the Court lacks personal jurisdiction over them pursuant to Rule 12(b)(2) [Dkt. 17]. On February 20, 2018, Plaintiff filed his "Response in Opposition to the Defendant's [sic] Motion to Dismiss" ("Response") [Dkt. 27]. Plaintiff's accompanying affidavit states that he received each of the calls at issue while living in Plano, Texas and while present in Texas. The Court set the matter for hearing on March 21, 2018, along with the Rule 16 Management Conference [Dkt. 31]. At Hearing, counsel for the Individual Defendants appeared; Plaintiff failed to appear. The Court set the case for a show cause hearing on April 16, 2018, ordering Plaintiff to appear in person and show cause for his non-appearance at the March 21 hearing [Dkt. 32]. On April 16, 2018, Plaintiff appeared and demonstrated cause for his earlier non-appearance; the Parties, by and through counsel, presented argument (but no additional evidence) on the Motion to Dismiss. On June 4,

2018, the Court ordered the Parties to file additional briefing, addressing certain authorities finding the FDCPA provided for nationwide service [Dkt. 38]. On June 14, 2018, the Individual Defendants filed their Brief Regarding the Fair Debt Collection Practices Act and Nationwide Service of Process [Dkt. 39], and Plaintiff filed his additional briefing on Personal Jurisdiction [Dkt. 40]. The Court finds the Motion to Dismiss is ripe for consideration.

## LEGAL STANDARD

*12(b)(2) Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. "After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists."[1] *Lahman v. Nationwide Provider Sols.*, No. 4:17-CV-00305, 2018 WL 3035916, at *4 (E.D. Tex. June 19, 2018) (Mazzant, J.) (citing *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 202 (5th Cir. 1989)). "To satisfy that burden, the party seeking to invoke the court's jurisdiction must 'present sufficient facts as to make out only a prima facie case supporting jurisdiction,' if a court rules on a motion without an evidentiary hearing." *Id.* (quoting *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000)). "When considering the motion to dismiss, '[a]llegations in [a] plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits.'" *Id.* (quoting *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 282–83 n.13 (5th Cir. 1982)); *accord Black v. Acme Mkts., Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977). "Further, '[a]ny

---

[1] Plaintiff argues that the Individual Defendants "have failed to adequately plead and provide evidentiary support for their dismissal under 12(b)(2)" [Dkt. 27 at 1]. However, Plaintiff has mixed the burdens; it is Plaintiff who bears the burden of establishing personal jurisdiction over the Individual Defendants.

genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for the purposes of determining whether a *prima facie* case exists.'" *Id.* (quoting *Quintana*, 259 F. Supp. 2d at 557 (citing *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 161, 1067 (5th Cir. 1992)). "However, if a court holds an evidentiary hearing, a plaintiff 'must establish jurisdiction by a preponderance of the admissible evidence.'" *Id.* (quoting *In re Chinese Manufactured Drywall Prods. Liab. Lit.*, 742 F.3d 576, 585 (5th Cir. 2014) (citing *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241–42 (5th Cir. 2008))).

A court conducts a two-step inquiry when a defendant challenges personal jurisdiction: (1) "[f]irst, absent a controlling federal statute regarding service of process, the court must determine whether the forum state's long-arm statute confers personal jurisdiction over the defendant;" and (2) "second, the court establishes whether the exercise of jurisdiction is consistent with due process under the United States Constitution." *Id.* (citing *Ham v. La Cinega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993)). "The Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution;" accordingly, "the sole inquiry that remains is whether personal jurisdiction offends or comports with federal constitutional guarantees." *Id.* (citing *Command-Aire Corp. v. Ont. Mech. Sales and Serv. Inc.*, 963 F.2d 90, 93 (5th Cir. 1992); *Bullion*, 895 F.2d at 216). "The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established minimum contacts with the forum state 'such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Minimum contacts with a forum state can be satisfied by contacts

that give rise to either general jurisdiction or specific jurisdiction." *Id*. (citing *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)).

## ANALYSIS

The Individual Defendants argue the Court should dismiss Plaintiff's lawsuit against them "because this Court lacks personal jurisdiction over each [individual]" [Dkt. 17 at 1], and any exercise of personal jurisdiction over them in the instant case would violate due process [Dkt. 17 at 8-9]. Specifically, the Individual Defendants argue that the Court lacks general jurisdiction because each individual's contacts have not been sufficiently continuous, systematic, and substantial so as to render them at home in Texas [Dkt. 17 at 4-5]. Concerning specific jurisdiction, the Individual Defendants argue that Plaintiff is a "Tennessee resident with a Tennessee telephone number, and thus no conduct regarding telephone calls or other communications directed at him could have been directed to, or be jurisdictionally relevant to, Texas" [Dkt. 17 at 7].

In response, Plaintiff contends that "[t]he Defendants purposefully directed 73 calls to the Plaintiff's cell phone while the Plaintiff lived in Texas and those 73 calls are the activities from which the plaintiff's injury and claims arise from" [Dkt. 27 at 2]. Plaintiff also asserts that:

> The simple fact of the matter is that the Plaintiff lived in Plano, Texas at the time when the calls were placed to the Plaintiff. Unlike the Defendants, the Plaintiff has included a supporting affidavit of testimony under the penalty of perjury where the Plaintiff attests that he was physically present in Plano, [TX] at the time he received the calls from the Defendants.

[Dkt. 27 at 2]. Plaintiff has provided a sworn affidavit attesting to the aforementioned [Dkt. 27-1].

*Nationwide Service*

As referenced earlier, "[w]hen an action invoking the court's federal-question jurisdiction is based on a statute that does not provide for nationwide service of process, the court looks to the law of the forum state governing personal jurisdiction to determine if the defendant is amenable to process in the forum state." *Davis v. Leavitt*, No. 4:12-CV-739-A, 2013 WL 1155375, at *1 (N.D. Tex. Mar. 19, 2013) (citing *Omni Capital Int'l v. Rudolf Wolff & Co.,* 484 U.S. 97, 104–05 (1987)). In the instant case, Plaintiff brings certain of his claims under two federal statutes: the FDCPA and the TDCA [Dkt. 1]. On June 4, 2018, the Court ordered the Parties to file additional briefing regarding whether nationwide service was available under the FDCPA [Dkt. 38]. The Court, in conducting independent research, located contradictory authority regarding whether the FDCPA provided for nationwide service; certain recent district court cases have found the FDCPA provides for nationwide service *See, e.g., Salihu v. Mary Jane M. Elliott, PC*, No. A-16-CV-1094-RP-ML, 2017 WL 8182747, at *3 (W.D. Tex. Apr. 17, 2017), *report and recommendation adopted in part,* No. 1:16-CV-1094-RP, 2017 WL 8182828 (W.D. Tex. Sept. 27, 2017) (citing 28 U.S.C. § 3004; *Reese Bros., Inc. v. U.S. Postal Service*, 477 F. Supp. 2d 31, 38 (D.D.C. March 5, 2007)); *Holmes v. New Logic Bus. Loans Inc.*, No. 1:15-CV-164-ZJH, 2015 WL 12748311, at *2 (E.D. Tex. Oct. 7, 2015) ("The FDCPA provides for nationwide service of process.") (citing 28 U.S.C. § 3004; *Reese Bros., Inc.*, 477 F. Supp. 2d at 38).

Upon consideration of the Parties' additional briefing and reviewing all cited authorities and the statutory text, the Court finds more persuasive those cases holding that neither the FDCPA, nor the TDCA provide for nationwide service of process. *Davis*, 2013 WL 1155375, at *1 ("The court has found nothing in the language of either the FDCPA or the FCRA authorizing nationwide service of process."); *Gallegos v. Tygart*, No. CIV. 14-291 JCH/KK, 2017

WL 4872887, at *3 (D.N.M. July 20, 2017) ("The FDCPA, however, does not authorize nationwide service of process in a case such as this one."); *Howell v. Clark Cty. Collection Serv., LLC*, No. 1:14-CV-00553-TWP, 2015 WL 1210599, at *1 (S.D. Ind. Mar. 16, 2015) ("The federal statute serving as the basis for this litigation, the Fair Debt Collection Practices Act, does not authorize nationwide service of process or govern personal jurisdiction.") (citing *Maloon v. Schwartz,* 399 F. Supp. 2d 1108, 1111 (D. Haw. 2005)); *Velez v. Portfolio Recovery Assocs., Inc.*, 881 F. Supp. 2d 1075, 1081 (E.D. Mo. 2012) ("The FDCPA, however, provides neither an independent basis for personal jurisdiction nor nationwide service of process.") (citing *Thoennes v. Masari Investments, LLC,* No. 092822SC, 2009 WL 4282807, at *2 (N.D. Cal. Nov. 25, 2009) (holding that 15 U.S.C. § 1692k(d), the basis for subject matter jurisdiction under the FDCPA, does not obviate the requirement for personal jurisdiction) (citing *Sluys v. Hand,* 831 F.Supp. 321, 325 (S.D.N.Y. 1993) ("A non-restrictive approach toward forum determination under the Act is set forth in 15 USC § 1692k(d), which does not expand personal jurisdiction parameters but indicates that they should not be construed in an unduly restrictive way in cases under the Act."))); *Fried v. Surrey Vacation Resorts, Inc.*, No. 08-CV-534-BBC, 2009 WL 585964, at *2 (W.D. Wis. Mar. 6, 2009) ("Although some federal legislation permits nationwide service of process, the Fair Debt Collection Practices Act does not."); *Casso's Wellness Store & Gym, L.L.C. v. Spectrum Lab. Prod., Inc.*, No. CV 17-2161, 2018 WL 1377608, at *4 (E.D. La. Mar. 19, 2018) ("Because Casso's claim is based on the TCPA, which does not provide for nationwide service of process, and Louisiana's long-arm statute extends personal jurisdiction to the full limits of the due process clause, the Court's focus is solely on whether the exercise of its jurisdiction in this case satisfies federal due process requirements."). As such, the Court must analyze whether it may

exercise general and/or specific jurisdiction over the Individual Defendants based upon their contacts with the forum state (Texas).

***General Jurisdiction***

"General jurisdiction exists only when the defendant's contacts with the forum state are so '"continuous and systematic"' as to render them essentially at home in the forum State." *Lahman*, 2018 WL 3035916, at *5 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); citing *Cent. Freight Lines v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (citing *Helicopteros*, 466 U.S. at 414 n.8)). "Substantial, continuous and systematic contact with a forum is a difficult standard to meet and requires extensive contacts between a defendant and the forum." *Id.* (citing *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)). "[V]ague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Id.* (quoting *Johnston*, 523 F.3d at 609 (citing *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 596 (5th Cir. 1999))). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Arrow Elecs., Inc. v. Fireracker, LLC*, No. 4:17-CV-00895, 2018 WL 1761883, at *2 (E.D. Tex. Apr. 12, 2018) (Mazzant, J.) (quoting *Daimler*, 571 U.S. at 127 (citing *Goodyear*, 564 U.S. at 919)); *see also Clement Grp., LLC . v. ETD Servs., LLC.*, No. 4:16-CV-00773, 2017 WL 2972877, at *3 (E.D. Tex. July 12, 2017) (Mazzant, J.) (same); *Yasinosky v. River Oaks Farms Inc.*, No. 4:17-CV-214-A, 2017 WL 2709736, at *2 (N.D. Tex. June 22, 2017) (same).

In his Second Amended Complaint, Plaintiff alleges the Court has general personal jurisdiction over Defendants, collectively, due to their "continuous and systematic contacts within the [S]tate of Texas in placing numerous phone calls to consumers in the [S]tate of Texas as part of a robocall marketing campaign in which numerous phone calls were made to consumers across the country" [Dkt. 1 at 2]. This is insufficient to demonstrate that any of the Individual Defendants have the continuous and systematic contacts with the State of Texas required for general personal jurisdiction. It is undisputed that the Individual Defendants are each domiciled in California; moreover, no other statement can be found in Plaintiff's pleadings regarding general jurisdiction. Plaintiff's Response urges only the application of specific personal jurisdiction. The Court finds that Plaintiff has not established that any of the Individual Defendants could be considered "at home" in Texas. Accordingly, the Court may not exercise general personal jurisdiction over any of the Individual Defendants Bruce Phillip Hood, Carey George Howe, and Jay Singh.

*Specific Jurisdiction*

"Specific jurisdiction is proper when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state." *Lahman*, 2018 WL 3035916, at *5 (citing *Helicopteros*, 466 U.S. at 414 n. 8). "For the Court to exercise specific jurisdiction, the Court must determine[:] '(1) whether the defendant has. . . purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.'" *Id*. (quoting *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985))). "Defendants who '"reach out beyond one state" and create continuing relationships and obligations with citizens of another

state are subject to regulation and sanctions in the other state for consequences of their actions.'" *Id.* (quoting *Burger King Corp.*, 471 U.S. at 475 (citing *Travelers Health Assoc. v. Virginia*, 339 U.S. 643, 647 (1950))). "Establishing a defendant's minimum contacts with the forum state requires contacts that are more than 'random, fortuitous, or attenuated, or of the unilateral activity of another party or third person.'" *Id.* (quoting *Burger King Corp.*, 471 U.S. at 475).

Plaintiff alleges that the Individual Defendants, who Plaintiff identifies as various officers of the corporate defendants, "are liable for the calls placed on their behalf and for their benefit to the Plaintiff's cell phone [] offering unsolicited student loan consolidation services" [Dkt. 1 at 3]. Although not entirely clear, it appears that Plaintiff does not allege the Individual Defendants themselves made the calls at issue, but rather in their roles as officers, caused or directed the calls to be made. The Individual Defendants contend that Plaintiff cannot establish specific jurisdiction over them because Plaintiff's complaint "fails to state any facts showing that the Individual Defendants purposefully directed any conduct toward Texas," namely because "Plaintiff is a Tennessee resident with a Tennessee telephone number, and thus no conduct regarding telephone calls or other communications directed at him could have been directed to, or be jurisdictionally relevant to, Texas" [Dkt. 17]. Plaintiff avers that he was actually living in Plano, Texas at the time of the alleged calls, and that the Individual Defendants are subject to specific jurisdiction because they "purposefully directed 73 calls to the Plaintiffs cell phone while the Plaintiff lived in Texas and those 73 calls are the activities from which the Plaintiffs injury and claims arise from. This represents 73 individuals and distinct times the Defendants reached into the state of Texas, just directed at the Plaintiff" [Dkt. 27].

Plaintiff has made substantially similar allegations in at least two other lawsuits involving different defendants, i.e., that individual defendants in their capacity as the officers of the corporate defendants directly participated, authorized and/or oversaw calls placed to Plaintiff's phone while he resided in the forum state. *See Cunningham v. Local Lighthouse Corp.*, 3:16-CV-02284, 2017 WL 4053759, at *1 (M.D. Tenn. Aug. 7, 2017), *report and recommendation adopted*, 3:16-CV-02284, 2017 WL 4022996 (M.D. Tenn. Sept. 13, 2017); *Cunningham v. Rapid Response Monitoring Services, Inc.*, 251 F. Supp. 3d 1187, 1208 (M.D. Tenn. 2017). In both cases, the courts, considering allegations on par with those alleged here, found such allegations insufficient to establish specific jurisdiction over the individual officers named in the complaint.[2]

> In *Local Lighthouse*, the court found
>
> Cunningham does not argue that Defendants themselves made any telephone calls to Tennessee. Instead, he argues that Defendants, in their roles as corporate officers, caused those telephone calls to be made and did not make efforts to ensure they were made in compliance with the TCPA. . . .It is well-settled, however, that "jurisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation." Personal jurisdiction must be established based upon corporate officers' individual acts on behalf of the corporation. . . . While he broadly alleges that Defendants "had direct, personal participation in causing the illegal telephone calls to be made as well as they directly authorized the illegal telemarketing calls to be made," Cunningham does not make these allegations with the "reasonable particularity" required to support a prima facie showing of personal jurisdiction.

2017 WL 4053759, at *3–4 (internal citations omitted). Similarly, in *Rapid Response Monitoring*, the court concluded "even when viewed in the light most favorable to Plaintiff, the allegations of his Second Amended Complaint do not support a finding of personal jurisdiction over the

---

[2] The Court notes that under both the Texas and Tennessee long arm statutes, "the court need only determine whether exercising personal jurisdiction violates constitutional due process." *Local Lighthouse Corp.*, 2017 WL 4053759, at *2 ("Because Tennessee's long-arm statute has been interpreted to reach the highest limit of federal due process, 'the court need only determine whether exercising personal jurisdiction violates constitutional due process.'") (quoting *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 477 (6th Cir. 2003)), *compare with Lahman*, 2018 WL 3035916, at *4 ("The Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution;" accordingly, "the sole inquiry that remains is whether personal jurisdiction offends or comports with federal constitutional guarantees.").

REPORT AND RECOMMENDATION – Page 11

Individual Defendants," namely because "jurisdiction over individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation." 251 F. Supp. 3d at 1209.[3]

Courts within the Fifth Circuit have likewise held that "personal jurisdiction over individual officers and employees of a corporation may not be predicated on the federal court's jurisdiction over the corporation itself, unless the individuals are engaged in activities within the forum court's jurisdiction that would subject them to the application of the state's long-arm statute." *Cooke v. Jaspers*, CIVA H-07-3921, 2010 WL 918342, at *3 (S.D. Tex. Mar. 10, 2010) (citing 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1069.4 (3d ed. 2002)); *see also Skidmore Energy, Inc. v. KPMG*, CIV.A.3:03-CV-2138-B, 2004 WL 2008514, at *7 (N.D. Tex. Sept. 3, 2004); *Osborn v. Computer Scis. Corp.*, A-04-CA-158 LY, 2004 WL 5454427, at *5–6 (W.D. Tex. Oct. 25, 2004), *report and recommendation adopted in part sub nom. Osborn v. Computer Scis. Corp*, CIV. A-04-CA-158-LY, 2004 WL 5454889 (W.D. Tex. Dec. 29, 2004) ("Succinctly paraphrased, 'jurisdiction over an individual cannot be predicated upon jurisdiction over a corporation.'") (quoting *Stuart v. Spademan,* 772 F.2d 1185, 1197 (5th Cir. 1985) (quoting *Lehigh Valley Indus., Inc. v. Birenbaum,* 389 F. Supp. 798, 803-04 (S.D.N.Y. 1975)).

---

[3] In *Local Lighthouse* and *Rapid Response*, the defendants provided affidavit evidence that they were not subject to the court's personal jurisdiction. In the instant case, the Individual Defendants have not produced any similar evidence. However, notwithstanding, because the Individual Defendants have filed a motion pursuant to Rule 12(b)(2), , Plaintiff must now establish that personal jurisdiction over the Individual Defendants exists in this matter. *Lahman*, 2018 WL 3035916, at *4 ("After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists.") (citing *Bullion*, 895 F.2d at 217 (citing *WNS*, 884 F.2d at 202)). In responding to a motion to dismiss, "the plaintiff cannot stand on its pleadings, but must, through affidavit or otherwise set forth specific facts demonstrating the Court has jurisdiction." Quilling v. Stark, 2006 WL 1683442 (N.D. Tex. Aug. 16, 3004). As an aside, if the Individual Defendants had produced affidavits, the Court could consider such evidence. *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 488 (5th Cir. 2018) ("In resolving [personal jurisdiction issues], not only the well-pleaded allegations of the complaint may be considered, but also factual showings made by way of depositions [and] affidavits.") (citing *Simon v. United States*, 644 F.2d 490, 497 (5th Cir. 1981)).

In this case, as in *Local Lighthouse* and *Rapid Response Monitoring*, Plaintiff's allegations, at present, fail to demonstrate any individualized conduct taken in the forum state by any of the Individual Defendants. Instead, Plaintiff's pleadings lump all the named defendants, corporate and individual, together without any allegations of individualized conduct. *Lemann v. Midwest Recovery Fund, LLC*, No. CV 15-3329, 2016 WL 6092539, at *3–4 (E.D. La. Oct. 19, 2016) ("it is not enough to simply rest on the use of the collective term, 'Defendants,' in the allegations.") (quoting *Lemann v. Midwest Recovery Fund, LLC,* CV 15-3329, 2015 WL 7306442, at *5 (E.D. La. Nov. 19, 2015) (citing *Rush v. Savchuk*, 444 U.S. 320, 332-22 (1980) (holding that aggregating the defendant into a collective of "defending parties" did not satisfy federal due process)); *Nat'l Cmty. Reinvestment Coal. v. NovaStar Fin., Inc.*, 631 F. Supp. 2d 1, 3 (D.D.C. 2009) ("The plaintiff may not aggregate factual allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant."))). Jurisdiction over the Individual Defendants cannot be predicated upon jurisdiction over CBC or USFFC. Plaintiff fails to allege what acts each Individual Defendant engaged in; he fails to plead the Individual Defendants personal involvement or knowledge of the alleged calls, merely blanketly asserting each Individual Defendant is subject to personal jurisdiction because they (collectively) "purposefully directed 73 calls to the Plaintiffs cell phone while the Plaintiff lived in Texas and those 73 calls are the activities from which the Plaintiff's injury and claims arise from" [Dkt. 27 at 2]. Plaintiff further vaguely alleges that by virtue of their officer-status in the corporate defendants' entities, the Individual Defendants are subject to the Court's personal jurisdiction, but Plaintiff does not outline the corporate defendants' corporate forms or management style, much less how, in the context of this case, each Individual Defendant fits into such structure and therefore, is subject to the Court's exercise of personal jurisdiction.

In sum, Plaintiff's allegation that the Individual Defendants "purposefully directed" calls to be made to his phone is insufficient to establish specific jurisdiction over each of the Individual Defendants. Plaintiff must provide specific, individualized facts and/or statements of personal involvement or actions to make a prima facie case of personal jurisdiction.

Plaintiff has also alleged that "[t]he Individual defendants are alter ego's [sic] of their respective single member corporations and personally directed calls the automated calls to the Plaintiff to take place" [Dkt. 27 at 3]. "The Fifth Circuit has recognized that personal jurisdiction may be established over an individual or corporation through a piercing-the-corporate-veil or alter-ego theory." *TransFirst Group, Inc. v. Magliarditi*, 237 F. Supp. 3d 444, 454 (N.D. Tex. 2017) (citing *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 653 (5th Cir. 2002)). "As the Fifth Circuit explained in *Patin*:[4]

> [F]ederal courts have consistently acknowledged that it is compatible with due process for a court to exercise personal jurisdiction over an individual or a corporation that would not otherwise be subject to personal jurisdiction in that court when the individual or corporation is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court. The theory underlying these cases is that, because the two corporations (or the corporation and its individual alter ego) are the same entity, the jurisdictional contacts of the one are the jurisdictional contacts of the other for the purposes of the *International Shoe* due process analysis.

*Id.* (quoting 294 F.3d at 653). "Further, the piercing-the-corporate-veil test for attribution of contacts, i.e., personal jurisdiction, is less stringent than for liability." *Id.* (quoting *Ingenious Invs., Inc. v. Bombart*, 2006 WL 1582080, at *3 (N.D. Tex. Jan. 20, 2006)). "Instead, the touchstone of the 'alter ego' theory of personal jurisdiction is a lack of separateness between an individual and the entity they purportedly control." *Fed'n of State Massage Therapy Boards v. Mendez Master Training Ctr., Inc.*, 4:17-CV-2936, 2018 WL 534540, at *6 (S.D. Tex. Jan. 24, 2018) (citing

---

[4] The Individual Defendants also cite to the Court's reasoning in *Patin* in their Motion to Dismiss [Dkt. 17 at 4].

*Bollore S.A. v. Imp. Warehouse, Inc.*, 448 F.3d 317, 325 (5th Cir. 2006); *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 593 (5th Cir. 1999)).

Plaintiff's sole allegation that "[t]he Individual defendants are alter ego's [sic] of their respective single member corporations" is insufficient to establish alter ego, and therefore, personal jurisdiction. *Del Castillo v. PMI Holdings N. Am. Inc*, 4:14-CV-03435, 2016 WL 3745953, at *12 (S.D. Tex. July 13, 2016) ("Plaintiffs' pleadings are not sufficient to establish alter ego, whether between PMI Comercio and PMI Services or any of the other PMI Group entities, because Plaintiffs provide nothing more than bald assertions and conclusory allegations of an alter ego relationship.") (citing *S. Bleacher Co. v. Husco, Inc.*, No. 7:01-CV-009-R, 2001 WL 497772, at *6 (N.D. Tex. May 7, 2001) (refusing to find personal jurisdiction on the basis of alter ego where plaintiff presented only "bald assertions and conclusory allegations," and "[n]o evidence whatsoever...to demonstrate how any of the [alter ego] factors might be met in this case")); *see also Bell v. Moawad Group, LLC*, A-17-CA-00073-SS, 2017 WL 2841679, at *6–7 (W.D. Tex. June 30, 2017) ("the Court cannot conclude Bell's minimal factual allegations and conclusory assertions are sufficient to show the Moawad Group is a façade for Bell's interests and activities.").

In sum, Plaintiff's allegations and evidence fail to demonstrate "a cause of action that grows out of or relates to a contact between the [Individual Defendants] and the forum state." *Lahman*, 2018 WL 3035916, at *5. Accordingly, at this time, the Court may not exercise specific personal jurisdiction over Defendants Bruce Phillip Hood, Carey George Howe, and Jay Singh.

*Leave to Amend*

Plaintiff asserts in his Response that "[t]o the extent that the court finds that sufficient detail is not alleged for the individual defendants, the Plaintiff requests leave to amend to include additional facts to show their personal involvement" [Dkt. 27 at 3]. Federal Rule of Civil Procedure 15(a) states "a party may amend its pleading only with. . . the court's leave. The court should freely give leave when justice so requires. "[Federal Rule of Civil Procedure] 15(a) endows a district court with 'virtually unlimited discretion' to allow amendments before entry of judgment." *Benson v. St. Joseph Reg'l Health Ctr.*, 575 F.3d 542, 550 (5th Cir. 2009) (quoting *Vielma v. Eureka Co.,* 218 F.3d 458, 468 (5th Cir. 2000)).

The Court finds that the record at present does not establish that each of the Individual Defendants are subject to the Court's exercise of personal jurisdiction; *pro se* Plaintiff has failed to allege sufficient factual support for his contention that the Individual Defendants are subject to suit in Texas. *Pro se* Plaintiff should be afforded an opportunity to amend his complaint in order to address the issues identified herein with the Court's exercise of personal jurisdiction over the Individual Defendants. *See Konnectcorp Int'l, Inc. v. Suntharalingam*, No. 3:13-CV-03656-P, 2014 WL 11515719, at *2 (N.D. Tex. Sept. 2, 2014) (court allowed *pro se* plaintiff to amend his complaint to adequately address personal jurisdiction); *see also Cayton v. Peterbilt Mfg.*, 4:16-CV-843, 2017 WL 4238004, at *1 (E.D. Tex. Sept. 25, 2017) ("The Court's general practice, when allowing a plaintiff to replead, is to deny the motion to dismiss as moot subject to reconsideration if no amended complaint is filed. If no amended complaint is filed, the Court will automatically reconsider the motion to dismiss without any additional briefing by a defendant. The Court never grants the motion to dismiss and at the same time allows a plaintiff to file an amended complaint.").

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that Defendants Bruce Phillip Hood, Carey George Howe, and Jay Singh's Motion to Dismiss for Lack of Personal Jurisdiction [Dkt. 17] be **DENIED** without prejudice to refiling and that Plaintiff be ordered to file an amended complaint adequately establishing the existence of personal jurisdiction. .

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 27th day of July, 2018.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE