US District Court for the Eastern District of Texas

) Craig Cunningham

) Plaintiff, pro se

)

) v.

**CIVIL ACTION NO.** 4:17cv-00793

)

) CBC Conglomerate LLC, et al

**FILED**
OCT 18 2018
Clerk, U.S. District Court
Texas Eastern

### Plaintiff's motion to compel discovery

1. To the honorable US District Court:

2. The Plaintiff requests the court compel and order the defendants and their counsel, pursuant to rule 37 of the FRCP to respond to the Plaintiff's discovery requests and production requests.

### Timeline of Discovery Dispute

3. The Plaintiff in this case has served the defendants with a discovery request originally on August 6, 2018. The Defendants responded on September 5, 2018. The Plaintiff had a meet and confer with the defendants on October 4, 2018 but the parties were unable to reach a resolution on the remaining outstanding discovery disputes. The Plaintiff granted an extension to October 10th to produce the discovery responses and provide proper answer to the questions, but no answers were given. On October 17th, the Plaintiff had a conference via telephone with Stew Schmella, attorney for the defendants regarding the discovery responses in anticipation of filing a motion to compel, and counsel for the defendants indicated again that his client was not in a position to provide discovery responses and to note their opposition to this motion to compel.

### The Defendants have made improper objections and have failed to properly respond to discovery questions posed to them

4. With regards to all interrogatories, none of the responses were signed by the defendants individually or any corporate representatives or any person at all and none were signed under oath and the penalty of perjury. This is obviously improper, violates the FRCP concerning discovery and as such all the interrogatories have not been properly responded to.

## Interrogatories to Jay Singh

5. IRR #1 The question sought how each call was dailed and the party who dialed it. The defendants point the Plaintiff to a call log as a response, but the documents fail to answer the question, do not state how the calls were dialed, or if it contained a pre-recorded message.

6. IRR #2 sought the name address and phone number for every agent that placed a call to the Plaintiff in the 4 years prior to the lawsuit. Again the Defendants refer to the call log which fails to include the calls made in the previous lawsit which were admitted to and fails to identify any person who called.

7. IRR #3 is not responsive to the question and fails to set the basis for why the defendants called the Plaintiff after getting sued previously in Tennessee

8. IRR #4 seeks information for how the defendants concluded they had prior express consent to call, but the response simply refers to the call log which is not responsive.

9. IRR#5 seeks the total number of calls placed, but again the defendants don't answer the question and refer to the non-responsive call log.

10. IRR #7 This request seeks the revenue generated by USFFC in the prior 4 years. The Defendants object to this question improperly. It is asked to determine the nature of the relationship between USFFC and CBC conglomerate and if there are other ways of marketing that don't involve telemarketing.

11. IRR#9 This request seeks to find how the Defendants obtained the Plaintiff's phone number used for telemarketing.

12. IRR#10 seeks to understand the nature of the defendants business and services offered.

13. IRR #12 seeks to understand the nature of the defendants business and services offered.

14. IRR #14 this request seeks to ascertain how each call was initiated by using an automated telephone dialing system or not. The Defendants call log is not responsive and doesn't answer this question.

## Interrogatories to CBC Conglomerate, LLC

15. IRR #2 This request is not responsive as they name USFFC but fail to identify them by name, address, and phone number.

16. IRR #3 This request seeks to understand why CBC called or allowed calls to be placed to the Plaintiff after being sued by the Plaintiff. This response is not responsive.

17. IRR #4 This request sought how CBC concluded that they had consent to call the Plaintiff. The answer is not responsive.

18. IRR #5 This question sought to identify the total number of calls to the Plaintiff's cell phone and the Defendnat's response is not responsive.

19. IRR #7 This question sought the total amount of revenue in the past 4 years for document preparation. The question seeks to understand the nature of the Defendant's business.

20. IRR #9 This question seeks the total amount paid for leads and the source of the Plaintiff's phone number. The answer is not responsive. The Plaintiff is entitled to know how the defendants obtained his phone number.

21. IRR #10 This request seeks the products and services provided to consumers to understand the nature of the Defendant's business. The defendants have objected and not provided a response.

22. IRR #12 This request seeks to understand the nature of the defendant's business by stating the total number of consumers that obtained and paid for document preparation services.

23. IRR #14 This request seeks information on how the defendants advertise their business. This is simply to gain an understanding of the nature of the defendant's business.

24. IRR #16 seeks to understand why the contract sent to the Plaintiff failed to contain the legal name of CBC Conglomerate and used a non-existent entity of 1file.org. Defendants claim they will supplement but have not done so to date.

### Interrogatories to USFFC, LLC

25. IRR #1 This request seeks to understand how many calls were placed and how the calls were initiated. The Defendants refer to a call log sheet which is not responsive and doens't state how many calls were placed or how the calls were initiated.

26. IRR #2 This request seeks details regarding all calls by any agent or employee to the Plaintiff. The call log omits calls placed to the Plaintiff in the previous lawsuit and is obviously incomplete. The call log doesn't state or identify the agents that called the Plaintiff either.

27. IRR #3 This request seeks to understand why USFFC called or allowed calls to be placed to the Plaintiff after being sued by the Plaintiff. This response is not responsive.

28. IRR #4 This request sought how CBC concluded that they had consent to call the Plaintiff. The answer is not responsive.

29. IRR #5 This question sought to identify the total number of calls to the Plaintiff's cell phone and the Defendnat's response is not responsive as they just refer to the call log.

30. IRR #6 seeks all policies for maintaining an internal do-not-call list. Defendants claim they will supplement but have failed to do so.

31. IRR #7 This question sought the total amount of revenue in the past 4 years for document preparation. The question seeks to understand the nature of the Defendant's business.

32. IRR #9 This question seeks the total amount paid for leads and the source of the Plaintiff's phone number. The answer is not responsive. The Plaintiff is entitled to know how the defendants obtained his phone number.

33. IRR #10 This request seeks the products and services provided to consumers to understand the nature of the Defendant's business. The defendants have objected and not provided a response.

34. IRR #12 This request seeks to understand the nature of the defendant's business by stating the total number of consumers that obtained and paid for document preparation services.

35. IRR #14 This request seeks information on how the calls were initiated, and the defendants refer back to their call log, but the call log fails to state how the calls were initiated and if the calls contained a pre-recorded message.

## Interrogatories to Bruce Hood

36. IRR #1 The question sought how each call was dailed and the party who dialed it. The defendants point the Plaintiff to a call log as a response, but the documents fail to answer the question, do not state how the calls were dialed, or if it contained a pre-recorded message.

37. IRR #2 sought the name address and phone number for every agent that placed a call to the Plaintiff in the 4 years prior to the lawsuit. Again the Defendants refer to the call log which fails to include

the calls made in the previous lawsit which were admitted to and fails to identify any person who called.

38. IRR #3 is not responsive to the question and fails to set the basis for why the defendants called the Plaintiff after getting sued previously in Tennessee

39. IRR #4 seeks information for how the defendants concluded they had prior express consent to call, but the response simply refers to the call log which is not responsive.

40. IRR#5 seeks the total number of calls placed, but again the defendants don't answer the question and refer to the non-responsive call log.

41. IRR #7 This request seeks the revenue generated by CBC in the prior 4 years. The Defendants object to this question improperly. It is asked to determine the nature of the relationship between USFFC and CBC conglomerate and if there are other ways of marketing that don't involve telemarketing.

42. IRR#9 This request seeks to find how the Defendants obtained the Plaintiff's phone number used for telemarketing.

43. IRR#10 seeks to understand the nature of the defendants business and services offered.

44. IRR #12 seeks to understand the nature of the defendants business and services offered.

45. IRR #14 this request seeks to ascertain how each call was initiated by using an automated telephone dialing system or not. The Defendants call log is not responsive and doesn't answer this question.

## Interrogatories to Carey Howe

46. IRR #1 The question sought how each call was dailed and the party who dialed it. The defendants point the Plaintiff to a call log as a response, but the documents fail to answer the question, do not state how the calls were dialed, or if it contained a pre-recorded message.

47. IRR #2 sought the name address and phone number for every agent that placed a call to the Plaintiff in the 4 years prior to the lawsuit. Again the Defendants refer to the call log which fails to include the calls made in the previous lawsit which were admitted to and fails to identify any person who called.

48. IRR #3 is not responsive to the question and fails to set the basis for why the defendants called the Plaintiff after getting sued previously in Tennessee

49. IRR #4 seeks information for how the defendants concluded they had prior express consent to call, but the response simply refers to the call log which is not responsive.

50. IRR#5 seeks the total number of calls placed, but again the defendants don't answer the question and refer to the non-responsive call log.

51. IRR #7 This request seeks the revenue generated by CBC in the prior 4 years. The Defendants object to this question improperly. It is asked to determine the nature of the relationship between USFFC and CBC conglomerate and if there are other ways of marketing that don't involve telemarketing.

52. IRR#9 This request seeks to find how the Defendants obtained the Plaintiff's phone number used for telemarketing.

53. IRR#10 seeks to understand the nature of the defendants business and services offered.

54. IRR #12 seeks to understand the nature of the defendants business and services offered.

55. IRR #14 this request seeks to ascertain how each call was initiated by using an automated telephone dialing system or not. The Defendants call log is not responsive and doesn't answer this question.

## Requests for Production

**56. Request for production to Bruce Hood**

57. Request #4 seeks all evidence to support their affirmative defenses. The Defendants produced documents 001-003 are produced, but these are not responsive. The Defendants claim they will supplement but have not done so.

58. Request #6 seeks all evidence to detail how the calls were placed. The Defendants produced documents 001-003 are produced, but these are not responsive.

59. Request #8 seeks all evidence regarding billing records for phone service The Defendants produced documents 001-003 are produced, but these are not responsive and are defacto not billing records.

60. Request #9 seeks all evidence regarding the use of a dialer system The Defendants produced documents 001-003 are produced, but these are not responsive and state nothing about a dialer system used to place the calls.

61. Request #10 and 11 seek evidence regarding the phone systems in place, dialer manual, and documents relating to the capacity of the systems to place calls as well as correspondance, contracts, and emails with the other defendants and parties alleged to have placed the calls USFFC. The Defendants objected and produced nothing despite this being directly relevant to who placed the calls and how they were placed.

62. Request #12 seeks all evidence regarding the use of a dialer system The Defendants produced documents 001-003 are produced, but these are not responsive and are not all the documents that refer or relate to the Plaintiff. Furthermore, the defendants claim privilege, but don't include a privileg log or state which documents are being withheld and what the the privilege basis is for each document.

63. Request #13 seeks evidence regarding telemarketing, which is the entire point of this lawsuit. The Defendants objected and produced nothing despite this being directly relevant to the facts of the lawsuit.

64. Request #14 seeks evidence regarding calls placed to the Plaintiff's phone number in the 4 years prior including contracts with 3rd parties and telephone service providers. The Defendants objected and produced nothing despite this being directly relevant to the facts of the lawsuit. The defendants refer to documents 001-003, but these are not responsive to the request.

65. Request #15 seeks evidence regarding the existance of USFFC as a corporation. This relates directly to the corporations standing, existance, and ability to defend themselves in a lawsuit.

66. **Request for production to Jay Singh**

67. Request #4 seeks all evidence to support their affirmative defenses. The Defendants produced documents 001-003 are produced, but these are not responsive. The Defendants claim they will supplement but have not done so.

68. Request #6 seeks all evidence to detail how the calls were placed. The Defendants produced documents 001-003 are produced, but these are not responsive.

69. Request #8 seeks all evidence regarding billing records for phone service The Defendants produced documents 001-003 are produced, but these are not responsive and are defacto not billing records.

70. Request #9 seeks all evidence regarding the use of a dialer system The Defendants produced documents 001-003 are produced, but these are not responsive and state nothing about a dialer system used to place the calls.

71. Request #10 and 11 seek evidence regarding the phone systems in place, dialer manual, and documents relating to the capacity of the systems to place calls as well as correspondance, contracts, and emails with the other defendants and parties alleged to have placed the calls USFFC. The Defendants objected and produced nothing despite this being directly relevant to who placed the calls and how they were placed.

72. Request #12 seeks all evidence regarding the use of a dialer system The Defendants produced documents 001-003 are produced, but these are not responsive and are not all the documents that refer or relate to the Plaintiff. Furthermore, the defendants claim privilege, but don't include a privileg log or state which documents are being withheld and what the the privilege basis is for each document.

73. Request #13 seeks evidence regarding telemarketing, which is the entire point of this lawsuit. The Defendants objected and produced nothing despite this being directly relevant to the facts of the lawsuit.

74. Request #14 seeks evidence regarding calls placed to the Plaintiff's phone number in the 4 years prior including contracts with 3rd parties and telephone service providers. The Defendants objected and produced nothing despite this being directly relevant to the facts of the lawsuit. The defendants refer to documents 001-003, but these are not responsive to the request.

75. Request #15 seeks evidence regarding the existance of USFFC as a corporation. This relates directly to the corporations standing, existance, and ability to defend themselves in a lawsuit.

76. **Request for production to CBC Conglomerate, LLC**

77. Request #1 seeks documents relating to the maintenance of an internal do not call list, which is an element of violations of 47 USC 227(c)(5). Defendants claim they will supplement but have not done so.

78. Request #2 seek documents relating to calls to the Plaintiff as alleged by the Plaintiff in the complaint.

79. Request #4 seeks all evidence to support their affirmative defenses. The Defendants produced documents 001-003 are produced, but these are not responsive. The Defendants claim they will supplement but have not done so.

80. Request #5 seeks all evidence relating to payments for leads to any vendor or 3rd party. This request is related to how the Defendants obtained the Plaintiff's cell phone number and consent to call.

81. Request #6 seeks all evidence to detail how the calls were placed. The Defendants produced documents 001-003 are produced, but these are not responsive.

82. Request #8 seeks all evidence regarding billing records for phone service The Defendants produced no documents and objected to the request and claims USFFC placed the calls.

83. Request #9 seeks all evidence regarding the use of a dialer system The Defendants produced documents 001-003 are produced, but these are not responsive and state nothing about a dialer system used to place the calls.

84. Request #10 and 11 seek evidence regarding the phone systems in place, dialer manual, and documents relating to the capacity of the systems to place calls as well as correspondance, contracts, and emails with the other defendants and parties alleged to have placed the calls USFFC. The Defendants objected and produced nothing despite this being directly relevant to who placed the calls and how they were placed.

85. Request #12 seeks all evidence regarding the use of a dialer system The Defendants produced documents 001-003 are produced, but these are not responsive and are not all the documents that refer or relate to the Plaintiff. Furthermore, the defendants claim privilege, but don't include a privileg log or state which documents are being withheld and what the the privilege basis is for each document.

86. Request #13 seeks evidence regarding telemarketing, which is the entire point of this lawsuit. The Defendants objected and produced nothing despite this being directly relevant to the facts of the lawsuit.

87. Request #14 seeks evidence regarding calls placed to the Plaintiff's phone number in the 4 years prior including contracts with 3rd parties and telephone service providers. The Defendants objected

and produced nothing despite this being directly relevant to the facts of the lawsuit. The defendants refer to documents 001-003, but these are not responsive to the request.

## 88. Request for production to USFFC, LLC

89. Request #1 seeks documents relating to the maintenance of an internal do not call list, which is an element of violations of 47 USC 227(c)(5). Defendants claim they will supplement but have not done so.

90. Request #2 seek documents relating to training defendants on the use of an internal do not call list, which is a central element to violations of 47 USC 227(c)(5). Defendant claims they will supplement, but has not done so.

91. Request #3 seek documents relating to consent by the Plaintiff to be called. The defendants refer to non-responsive documents that don't even contain the word "consent" in the text. Defendant claims they will supplement, but has not done so.

92. Request #4 seeks all evidence to support their affirmative defenses. The Defendants produced documents 001-003 are produced, but these are not responsive. The Defendants claim they will supplement but have not done so.

93. Request #5 seeks all evidence relating to payments for leads to any vendor or 3rd party. This request is related to how the Defendants obtained the Plaintiff's cell phone number and consent to call. The Defendants claim to not have the evidence in their individual capacity, but claim to have placed the calls. This response is nonsensical.

94. Request #6 seeks all evidence to detail how the calls were placed. The Defendants produced documents 001-003 are produced, but these are not responsive. Nothing in the documents says anything about how the calls were dialed. No manual on the configuration and operation of the dialer are included in the documents produced.

95. Request #8 seeks all evidence regarding billing records for phone service The Defendants produced no documents and objected to the request and refer to 001-003, but the documents produced are not billing records from a phone company.

96. Request #9 seeks all evidence regarding the use of a dialer system The Defendants produced documents 001-003 are produced, but these are not responsive and state nothing about a dialer system used to place the calls.

97. Request #10 and 11 seek evidence regarding the phone systems in place, dialer manual, and documents relating to the capacity of the systems to place calls as well as correspondance, contracts, and emails with the other defendants and parties alleged to have placed the calls USFFC. The Defendants objected and produced nothing despite this being directly relevant to who placed the calls and how they were placed.

98. Request #12 seeks all evidence regarding the use of a dialer system The Defendants produced documents 001-003 are produced, but these are not responsive and are not all the documents that refer or relate to the Plaintiff. Furthermore, the defendants claim privilege, but don't include a privileg log or state which documents are being withheld and what the the privilege basis is for each document.

99. Request #13 seeks evidence regarding telemarketing, which is the entire point of this lawsuit. The Defendants objected and produced nothing despite this being directly relevant to the facts of the lawsuit.

100.  Request #14 seeks evidence regarding calls placed to the Plaintiff's phone number in the 4 years prior including contracts with 3rd parties and telephone service providers. The Defendants objected and produced nothing despite this being directly relevant to the facts of the lawsuit. The defendants refer to documents 001-003, but these are not responsive to the request.

101.  Request #15 seeks evidence regarding the existance of USFFC as a corporation. This relates directly to the corporations standing, existance, and ability to defend themselves in a lawsuit.

**102.  Request for production to Carey Howe**

103.  Request #4 seeks all evidence to support their affirmative defenses. The Defendants produced documents 001-003 are produced, but these are not responsive. The Defendants claim they will supplement but have not done so.

104.  Request #6 seeks all evidence to detail how the calls were placed. The Defendants produced documents 001-003 are produced, but these are not responsive.

105. Request #8 seeks all evidence regarding billing records for phone service The Defendants produced documents 001-003 are produced, but these are not responsive and are defacto not billing records.

106. Request #9 seeks all evidence regarding the use of a dialer system The Defendants produced documents 001-003 are produced, but these are not responsive and state nothing about a dialer system used to place the calls.

107. Request #10 and 11 seek evidence regarding the phone systems in place, dialer manual, and documents relating to the capacity of the systems to place calls as well as correspondance, contracts, and emails with the other defendants and parties alleged to have placed the calls USFFC. The Defendants objected and produced nothing despite this being directly relevant to who placed the calls and how they were placed.

108. Request #12 seeks all evidence regarding the use of a dialer system The Defendants produced documents 001-003 are produced, but these are not responsive and are not all the documents that refer or relate to the Plaintiff. Furthermore, the defendants claim privilege, but don't include a privileg log or state which documents are being withheld and what the the privilege basis is for each document.

109. Request #13 seeks evidence regarding telemarketing, which is the entire point of this lawsuit. The Defendants objected and produced nothing despite this being directly relevant to the facts of the lawsuit.

110. Request #14 seeks evidence regarding calls placed to the Plaintiff's phone number in the 4 years prior including contracts with 3rd parties and telephone service providers. The Defendants objected and produced nothing despite this being directly relevant to the facts of the lawsuit. The defendants refer to documents 001-003, but these are not responsive to the request.

111. Request #15 seeks evidence regarding the existance of USFFC as a corporation. This relates directly to the corporations standing, existance, and ability to defend themselves in a lawsuit.

Craig Cunningham
Plaintiff,

10/17/2018 Plaintiff, Pro-se

5543 Edmondson Pike ste 248

Nashville, TN 37211

615-348-1977

US District Court for the Middle District of TN

) Craig Cunningham

) Plaintiff, pro se

)

) v.

**CIVIL ACTION NO.** 3:15-cv-0439

)

) CBC Conglomerate LLC, Bruce Phillip Hood, Carey Gorge Howe

**Certificate of Service**

I certify that a true copy of the foregoing was sent via mail to the defendants attorney of record

*Craig Cunningham*
Plaintiff,

5543 Edmondson Pike ste 248

Nashville, TN 37211

10/18/2018

615-348-1977