IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | § § | C.A. NO. 4:17-CV-00793 |
| VS. | § § | |
| CBC CONGLOMERATE, LLC, ET AL | § § § | JURY |

## DEFENDANT CARY HOWE'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION

Defendant Cary Howe serves his Objections and Responses to Plaintiff's Request for Production.

Respectfully submitted

**LANZA LAW FIRM, PC**

*/s/ Stewart K. Schmella*
**NICHOLAS J. LANZA**
TBA No. 11941225
**STEWART K. SCHMELLA**
TBA No. 24033041
4950 Bissonnet Street
Houston, Texas 77401
sschmella@lanzalawfirm.com
eservice@lanzalawfirm.com
(713) 432-9090 Telephone
(713) 668-6417 Facsimile

**ATTORNEYS FOR DEFENDANT CARY HOWE**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served as described below on September 5, 2018 as described below:

> *Via CMRRR*
> Craig Cunningham
> 5543 Edmondson Pike, Suite 248
> Nashville, TN 37211

/s/ *Stewart K. Schmella*
**NICHOLAS J. LANZA/**
**STEWART K. SCHMELLA**

## DEFENDANT CARY HOWE'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION

1. Produce all policies and procedures for use of a do not call list in place during the 4 years prior to the filing of this lawsuit to include any amendments and revisions.

ANSWER:

Defendant objects to this Request on the grounds it is overly broad and not reasonably limited in time, scope, or subject matter. Subject to the foregoing objection, and without waiving the same, Defendant responds that he does not possess any documents responsive to this Request in his individual capacity.

2. Produce all documents relating to training of agents/employees on a do not call list for any agent that called or spoke to the Plaintiff in the 4 years prior to the filing of this lawsuit.

ANSWER:

Defendant objects to this Request on the grounds it is overly broad and not reasonably limited in time, scope, or subject matter. Subject to the foregoing objection, and without waiving the same, Defendant responds that he does not possess any documents responsive to this Request in his individual capacity.

3. Produce all evidence that the Plaintiff, Craig Cunningham, provided prior express consent as defined by the FCC in 47 CFR 64.1200(f)(8) to be called using an automated telephone dialing system and pre-recorded message for any of the calls listed in the Plaintiff's complaint

ANSWER:

Defendant responds that he does not possess any documents responsive to this Request in his individual capacity.

4. Provide all evidence to support your affirmative defenses in this case.

ANSWER:

Please see the attached call log, Bates-labeled USFFC 000001-000003. Defendant will supplement.

5. Produce all evidence of and order for leads and for the 4 years prior to the filing of this lawsuit.

3

ANSWER:

Defendant objects to this Request on the grounds it is overly broad and not reasonably limited in time, scope, or subject matter. Defendant objects to this Request on the grounds it is ambiguous. Defendant objects to this Request on the grounds it is an impermissible fishing expedition. Defendant objects to this Request on the grounds the Request is not reasonable calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and without waiving the same, Defendant responds that he does not possess any documents responsive to this Request in his individual capacity.

6. Produce all evidence that detail how the calls as alleged in the complaint were initiated to the Plaintiff to include the dialer manual for any phone systems used.

ANSWER:

Defendant objects to this Request on the grounds it Subject to the foregoing objection, and without waiving the same, Defendant responds that he does not possess any documents responsive to this Request in his individual capacity. Please see the attached call log, Bates-labeled USFFC 000001-000003.

7. Produce all evidence that calls to the Plaintiff as alleged in the complaint were related to any emergency purpose.

ANSWER:

Defendant does not contend any calls were related to any emergency purpose. Defendant responds that he does not possess any documents responsive to this Request in his individual capacity.

8. Produce all billing phone records for any phone calls placed to the Plaintiff for the 4 years prior to the filing of this lawsuit.

ANSWER:

Defendant objects to this Request on the grounds it is overly broad and not reasonably limited in time, scope, or subject matter. Defendant objects to this Request on the grounds it is ambiguous. Defendant objects to this Request on the grounds it is an impermissible fishing expedition. Subject to the foregoing objections, and without waiving the same, Defendant responds that he does not possess any documents responsive to this Request in his individual capacity. Please see the attached call log, Bates-labeled USFFC 000001-000003.

9. Produce all information related to use of a dialer system by the Defendants for the 4 years prior to the filing of this lawsuit in relation to phone calls placed to the Plaintiff's cell phone 615-212-9191.

4

ANSWER:

Defendant objects to this Request on the grounds it is overly broad and not reasonably limited in time, scope, or subject matter. Defendant objects to this Request on the grounds it is ambiguous. Defendant objects to this Request on the grounds it is an impermissible fishing expedition. Subject to the foregoing objections, and without waiving the same, Defendant responds that he does not possess any documents responsive to this Request in his individual capacity. Please see the attached call log, Bates-labeled USFFC 000001-000003.

10. Produce all documents related to any phone systems in place at the Defendants from for the 4 years prior to the filing of this lawsuit to include the dialer manual and all documents which detail the capacity to initiate calls and system used to initiate calls.

ANSWER:

Defendant objects to this Request on the grounds it is overly broad and not reasonably limited in time, scope, or subject matter. Defendant objects to this Request on the grounds it is an impermissible fishing expedition. Defendant objects to this Request on the grounds the Request is not reasonably calculated to lead to the discovery of admissible evidence.

11. Produce all agreements, contracts, correspondence, communications, or emails with Defendant CBC Conglomerate LLC, USFFC, Jay Singh, or Bruce Hood or Cary Howe in the 4 years prior to the filing of this lawsuit.

ANSWER:

Defendant objects to this Request on the grounds it is overly broad and not reasonably limited in time, scope, or subject matter. Defendant objects to this Request on the grounds it is an impermissible fishing expedition. Defendant objects to this Request on the grounds the Request is not reasonably calculated to lead to the discovery of admissible evidence.

12. Produce all documents that refer or relate to the Plaintiff in any way in the 4 years prior to the filing of this lawsuit.

ANSWER:

Defendant objects to this Request on the grounds it seeks information protected from discovery by the attorney client privilege and the attorney work product privilege. Subject to the foregoing objection, and without waiving the same, Defendant responds: Please see the attached call log, Bates-labeled USFFC 000001-000003. Defendant will supplement.

13. Produce all documents that refer or relate to telemarketing in the 4 years prior to the filing of this lawsuit.

ANSWER:

Defendant objects to this Request on the grounds it is overly broad and not reasonably limited in time, scope, or subject matter. Defendant objects to this Request on the grounds it is an impermissible fishing expedition. Defendant objects to this Request on the grounds the Request is not reasonably calculated to lead to the discovery of admissible evidence.

14. Produce all documents that refer or relate to calls placed to 615-212-9191 in the 4 years prior to the filing of this lawsuit including call detail records, contracts with any telemarketers, contracts with any lead generation company, contracts with any telecom service providers and invoices for the 4 years prior to the filing of this lawsuit

ANSWER:

Defendant objects to this Request on the grounds it is overly broad and not reasonably limited in time, scope, or subject matter. Defendant objects to this Request on the grounds it is an impermissible fishing expedition. Defendant objects to this Request on the grounds the Request is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and without waiving the same, Defendant responds that he does not possess any documents responsive to this Request in his individual capacity. Please see the attached call log, Bates-labeled USFFC 000001-000003.

15. Produce all documents that refer or relate to the incorporation of USFFC to include the articles of incorporation and any documents on file with any state in the union that refer or relate to any entity named USFFC.

ANSWER:

Defendant objects to this Request on the grounds it seeks information equally available to the Plaintiff as a matter of public record. Defendant objects to this Request on the grounds it is overly broad and not reasonably limited in time, scope, or subject matter. Defendant objects to this Request on the grounds it is an impermissible fishing expedition.