*Not Signed*

*EX H*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | § § | C.A. NO. 4:17-CV-00793 |
| VS. | § § | |
| CBC CONGLOMERATE, LLC, ET AL | § § § | JURY |

## DEFENDANT CBC CONGLOMERATE LLC'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S INTERROGATORIES

Defendant CBC Conglomerate LLC serves its Objections and Answers to Plaintiff's Interrogatories.

Respectfully submitted

**LANZA LAW FIRM, PC**

*/s/ Stewart K. Schmella*
**NICHOLAS J. LANZA**
TBA No. 11941225
**STEWART K. SCHMELLA**
TBA No. 24033041
4950 Bissonnet Street
Houston, Texas 77401
sschmella@lanzalawfirm.com
eservice@lanzalawfirm.com
(713) 432-9090 Telephone
(713) 668-6417 Facsimile

**ATTORNEYS FOR DEFENDANT
CBC CONGLOMERATE LLC**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served as described below on September 5, 2018 as described below:

**<u>Via CMRRR</u>**
Craig Cunningham
5543 Edmondson Pike, Suite 248
Nashville, TN 37211

*/s/ Stewart K. Schmella*
NICHOLAS J. LANZA/
STEWART K. SCHMELLA

# DEFENDANT CBC CONGLOMERATE LLC'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S INTERROGATORIES

1. State in detail how each call alleged in the complaint was dialed and the party that dialed it. State if each call was initiated using an automated telephone dialing system or pre-recorded message.

ANSWER:

No agents or employees from CBC Conglomerate called Plaintiff for the times referenced in the Complaint. Upon information and belief, an agent from a separate legal entity, USFFC, contacted the Plaintiff by phone.

2. State the name, address, and phone number, date, and time for each and every agent of Defendant CBC Conglomerate or any person or entity placing telemarketing calls by or on behalf of or for the benefit of CBC Conglomerate that spoke to the Plaintiff in the 4 years prior to the filing of this lawsuit.

ANSWER:

No agents or employees from CBC Conglomerate called Plaintiff for the times referenced in the Complaint. Upon information and belief, an agent from a separate legal entity, USFFC, contacted the Plaintiff by phone.

3. State why CBC Conglomerate called or allowed for calls to be placed to the Plaintiff after the lawsuit which was filed in Tennessee.

ANSWER:

No agents or employees from CBC Conglomerate called Plaintiff for the times referenced in the Complaint. Upon information and belief, an agent from a separate legal entity, USFFC, contacted the Plaintiff by phone.

4. State if and how the defendant concluded they had prior express consent to call the Plaintiff using an automated telephone dialing system as defined by the TCPA, 47 USC 227.

ANSWER:

No agents or employees from CBC Conglomerate called Plaintiff for the times referenced in the Complaint. One of the parameters that CBC Conglomerate includes in the purchase of leads is that all leads have been scrubbed against the Do Not Call Registry. CBC Conglomerate does not direct or control how other companies, such as USFFC, ensure compliance under the various federal statutes such as the TCPA.

5. State the total number of automated calls placed to the Plaintiff's cell phone in the 4 years prior to the filing of this lawsuit including the date, time, caller ID, Duration, and name, address, and phone number of each party speaking

ANSWER:

Defendant objects to this Request on the grounds it is overly broad and not reasonably limited in time, scope, or subject matter. Subject to the foregoing objection, and without waiving the same, CBC Conglomerate answers: No agents or employees from CBC Conglomerate called Plaintiff for the times referenced in the Complaint. Upon information and belief, an agent from a separate legal entity, USFFC, contacted the Plaintiff by phone.

6. State in detail all written policies for maintaining an internal do-not-call list and state all training completed by any employee or agent that called the Plaintiff on the use of an internal do-not-call list.

ANSWER:

One of the parameters that CBC Conglomerate includes in the purchase of leads is that all leads have been scrubbed against the Do Not Call Registry. CBC Conglomerate does not direct or control how other companies, such as USFFC, ensure compliance under the various federal statutes such as the TCPA.

7. State the total amount of revenue generated year to date by defendant CBC for document preparation services in 2015, 2016, 2017, and 2018 to date.

ANSWER:

Defendant objects to this Request on the grounds it is overly broad and not reasonably limited in time, scope, or subject matter. Defendant objects to this Request on the grounds it is an impermissible fishing expedition. Defendant objects to this Request on the grounds the Request is not reasonably calculated to lead to the discovery of admissible evidence.

8. ANSWER:

[This interrogatory is as in the original and as such, does not require an answer].

9. State the total amount paid for leads and total number of leads purchased from Powers Marketing Group or any lead generation company and paid by CBC Conglomerate each year for the 4 years prior to the filing of this lawsuit

ANSWER:

4

Defendant objects to this Request on the grounds it is overly broad and not reasonably limited in time, scope, or subject matter. Defendant objects to this Request on the grounds it is an impermissible fishing expedition. Defendant objects to this Request on the grounds the Request is not reasonably calculated to lead to the discovery of admissible evidence.

10. State and describe in detail all products or services offered to consumers by Defendant CBC in the 4 years prior to the filing of this lawsuit

ANSWER:

Defendant objects to this Request on the grounds it is overly broad and not reasonably limited in time, scope, or subject matter. Defendant objects to this Request on the grounds it is an impermissible fishing expedition. Defendant objects to this Request on the grounds the Request is not reasonably calculated to lead to the discovery of admissible evidence.

11. ANSWER:

**[This interrogatory is as in the original and as such, does not require an answer].**

12. State the total number of consumers who obtained and paid for document preparation services by Defendant CBC and state what types of documents are prepared by Defendant CBC in the 4 years prior to the filing of this lawsuit.

ANSWER:

Defendant objects to this Request on the grounds it is overly broad and not reasonably limited in time, scope, or subject matter. Defendant objects to this Request on the grounds it is an impermissible fishing expedition. Defendant objects to this Request on the grounds the Request is not reasonably calculated to lead to the discovery of admissible evidence.

13. ANSWER:

**[This interrogatory is as in the original and as such, does not require an answer].**

14. State and describe in detail all steps, monies paid, mediums, and services used to advertise the products and services of Defendant CBC to include the name, address, and phone number of any service providers in the 4 years prior to the filing of this lawsuit

ANSWER:

Defendant objects to this Request on the grounds it is overly broad and not reasonably limited in time, scope, or subject matter. Defendant objects to this Request on the grounds it is an impermissible fishing expedition. Defendant objects to this Request on the grounds the Request is not reasonably calculated to lead to the discovery of admissible evidence.

15. ANSWER:

[This interrogatory is as in the original and as such, does not require an answer].

16. State why the contracts sent to the Plaintiff did not contain the legal name of CBC Congolmerate and instead contained 1file.org?

ANSWER:

Defendant will supplement.

17. ANSWER:

[This interrogatory is as in the original and as such, does not require an answer].