IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

*Not Signed Ex I*

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | § § § | C.A. NO. 4:17-CV-00793 |
| VS. | § § | |
| CBC CONGLOMERATE, LLC, ET AL | § § § | JURY |

## DEFENDANT BRUCE HOOD'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S INTERROGATORIES

Defendant Bruce Hood serves his Objections and Answers to Plaintiff's Interrogatories.

Respectfully submitted

**LANZA LAW FIRM, PC**

*/s/ Stewart K. Schmella*
**NICHOLAS J. LANZA**
TBA No. 11941225
**STEWART K. SCHMELLA**
TBA No. 24033041
4950 Bissonnet Street
Houston, Texas 77401
sschmella@lanzalawfirm.com
eservice@lanzalawfirm.com
(713) 432-9090 Telephone
(713) 668-6417 Facsimile

**ATTORNEYS FOR DEFENDANT BRUCE HOOD**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served as described below on September 5, 2018 as described below:

*__Via CMRRR__*
Craig Cunningham
5543 Edmondson Pike, Suite 248
Nashville, TN 37211

*/s/ Stewart K. Schmella*
**NICHOLAS J. LANZA/**
**STEWART K. SCHMELLA**

## DEFENDANT BRUCE HOOD'S OBJECTIONS
## AND ANSWERS TO PLAINTIFF'S INTERROGATORIES

1. State in detail how each call alleged in the complaint was dialed and the party that dialed it. State if each call was initiated using an automated telephone dialing system or pre-recorded message.

ANSWER:

Please see the call log, USFFC 000001-000003.

2. State the name, address, and phone number, date, and time for each and every agent of Defendant CBC Conglomerate or USFFC or any person or entity placing telemarketing calls by or on behalf of or for the benefit of CBC Conglomerate or USFFC that spoke to the Plaintiff in the 4 years prior to the filing of this lawsuit.

ANSWER:

Please see the call log, USFFC 000001-000003, reflecting calls that are the subject of this lawsuit.

3. State why USFFC called or allowed for calls to be placed to the Plaintiff after the lawsuit which was filed in Tennessee.

ANSWER:

Upon information and belief, Cunningham expressed an interest in having his existing loan either consolidated or restricted. Please see the call log, USFFC 000001-000003.

4. State if and how the defendant concluded they had prior express consent to call the Plaintiff using an automated telephone dialing system as defined by the TCPA, 47 USC 227.

ANSWER:

Please see the call log, USFFC 000001-000003.

5. State the total number of automated calls placed to the Plaintiff's cell phone as described in the complaint, 615-212-9191 in the 4 years prior to the filing of this lawsuit including the date, time, caller ID, Duration, and name, address, and phone number of each party speaking

ANSWER:

Defendant objects to this Request on the grounds it is overly broad and not reasonably limited in time, scope, or subject matter. With respect to the calls at issue in this lawsuit, please see the call log, USFFC 000001-000003.

(6.) State in detail all written policies for maintaining an internal do-not-call list and state all training completed by any employee or agent that called the Plaintiff on the use of an internal do-not-call list.

ANSWER:

Defendant did not maintain any policies independent from USFFC.

(7.) State the total amount of revenue generated year to date by defendant USFFC in 2015, 2016, 2017, and 2018 to date.

ANSWER:

Defendant objects to this Request on the grounds it is overly broad and not reasonably limited in time, scope, or subject matter. Defendant objects to this Request on the grounds it is an impermissible fishing expedition. Defendant objects to this Request on the grounds the Request is not reasonably calculated to lead to the discovery of admissible evidence.

(8.) ANSWER:

**[This interrogatory is as in the original and as such, does not require an answer].**

(9.) State the total amount paid for leads and total number of leads purchased from Powers Marketing Group or any lead generation company and paid by USFFC each year for the 4 years prior to the filing of this lawsuit

ANSWER:

Defendant objects to this Request on the grounds it is overly broad and not reasonably limited in time, scope, or subject matter. Defendant objects to this Request on the grounds it is an impermissible fishing expedition. Defendant objects to this Request on the grounds the Request is not reasonably calculated to lead to the discovery of admissible evidence.

(10.) State and describe in detail all products or services offered to consumers by Defendant USFFC in the 4 years prior to the filing of this lawsuit

ANSWER:

Defendant objects to this Request on the grounds it is overly broad and not reasonably limited in time, scope, or subject matter. Defendant objects to this Request on the grounds it

4

is an impermissible fishing expedition. Defendant objects to this Request on the grounds the Request is not reasonably calculated to lead to the discovery of admissible evidence.

11. ANSWER:

**[This interrogatory is as in the original and as such, does not require an answer].**

12. State and describe in detail all steps, monies paid, mediums, and services used to advertise the products and services of Defendant CBC by USFFC to include the name, address, and phone number of any service providers in the 4 yers prior to the filing of this lawsuit

ANSWER:

Defendant objects to this Request on the grounds it is overly broad and not reasonably limited in time, scope, or subject matter. Defendant objects to this Request on the grounds it is an impermissible fishing expedition. Defendant objects to this Request on the grounds the Request is not reasonably calculated to lead to the discovery of admissible evidence.

13. ANSWER:

**[This interrogatory is as in the original and as such, does not require an answer].**

14. State how each and every call alleged in the Plaintiff's complaint was initiated by the Defendants and state if each and every call contained a pre-recorded message

ANSWER:

Please see the call log, USFFC 000001-000003.

15. ANSWER:

**[This interrogatory is as in the original and as such, does not require an answer].**