US District Court for the Eastern District of Texas

) Craig Cunningham

) Plaintiff, pro se

)

) v.

) CIVIL ACTION NO. 4:17cv-00793

)

) CBC Conglomerate LLC, et al

**FILED DEC 19 2018 Clerk, U.S. District Court Texas Eastern**

## Plaintiff's Second motion to compel discovery and Motion for Sanctions and Motion for contempt

1. To the honorable US District Court:

2. The Plaintiff requests the court sanction the defendants and their counsel, pursuant to rule 37 of the FRCP for their refusal to participate in the discovery process and refusal to produce documentation as they said they would in the meet and confer during the hearing on November 9th 2018. The Defendants should also be held in contempt for violating the court's November 15th order.

3. The Defendants have still not provided verified interrogatory responses. The only person who has provided verified interrogatory responses is Jay Singh in response to the interrogatories to USFFC, Inc., No verified interrogatory responses have been recieved from Carey George Howe, Jay Singh, Individually, CBC Conglomerate, or Bruce Hood.

4. **MEET AND CONFER CERTIFICATION:** The Plaintiff had a meet and conver on 12/18/2018 via telephone with Stewart Schmella regarding this outstanding discovery dispute and no resolution was reached.

## Timeline of Discovery Dispute

5. The Plaintiff in this case has served the defendants with a discovery request originally on August 6, 2018. The Defendants responded on September 5, 2018. The Plaintiff had a meet and confer with the defendants on October 4, 2018 but the parties were unable to reach a resolution on the remaining outstanding discovery disputes. The court held a hearing on November 9th, 2018 ordering the defendants to produce:

6. *Relevant call records, including but not limited to documents indicating the date, time, phone numbers, and identity of the telecom that carried the calls across the defendants network;*

7. *Relevant call recordings*

8. *Evidence of consent, including, but not limited to, documents related to the web form, IP Address, and website.*

9. The Defendants responded producing 16 pages of documents, of which 10 pages were the contract between USFFC and CBC Conglomerate. The Defendants have not produced any evidence of consent despite a court order directing them to do so. The Defendants have not produced relevant call records, phone bills from a phone company, Call detail records, or identified the telecom which carried the calls across their network despite a court order directing them to do so.

10. The Defendants have also violated the agreement with the Plaintiff regarding discovery and documents they agreed to produce in the November 9th hearing. In the hearing, the Defendants agreed to produce the name and relevant transaction data regarding the specific lead generation company they supposedly purchased the lead containing the Plaintiff's information from. No such records were produced.

11. The Defendants also agreed to produce the identity of the telecom, but have not done so to date.

12. The Defendants agreed to produce the name of each and every agent or employee that placed calls to the Plaintiff and still have not done so.

13. Although the Defendants have provided supplemental answers to the Plaintiff's request for production, they still are insufficient and improper.

**The Defendants have made improper objections and have failed to properly respond to discovery questions posed to them**

14. With regards to all interrogatories, none of the responses other than the responses on behalf of USFFC were signed by the defendants individually or any corporate representatives or any person at all and none were signed under oath and the penalty of perjury. This is obviously improper, violates the FRCP concerning discovery and as such all the interrogatories have not been properly responded to. The only interrogatories signed were by Jay Singh on behalf of USFFC.

**Plaintiff's objections to the amended answers of USFFC**

15. IRR #1-1. State in detail how each call alleged in the complaint was dialed and the party that dialed it. State if each call was initiated using an automated telephone dialing system or pre-recorded message.

16. ANSWER: Please see the call log, USFFC 000001-000003.

17. AMENDED ANSWER: Representatives used manual calling to dial numbers.

18. SECOND AMENDED ANSWER: USFFC purchases leads from Various Lead Vendors. All leads are Opt in, where Consumer is requesting information on a product. USFFC employees or Independent Affiliate Offices Call Consumer using their desktop phone, dialing manually and not through some predictive dialer.

19. **Plaintiff's Objection:** This second amended answer is not responsive to the question, fails to state the party that dialed each and every call, fails to state the equipment/software used to dial the calls, fails to identify by name, address, and phone number of the "various lead vendors" that the leads were allegedly purchased from, fails to state the specific "USFFC employees" or "Independent affiliate offices" that called the Plaintiff and is not responsive to the question asked. The lead vendors, USFFC employees, and independent Affiliate offices should have been identified in their initial disclosures, but were not.

20. IRR #2. State the name, address, and phone number, date, and time for each and every agent of Defendant CBC Conglomerate or USFFC or any person or entity placing telemarketing calls by or on behalf of or for the benefit of CBC Conglomerate or USFFC that spoke to the Plaintiff in the 4 years prior to the filing of this lawsuit.

21. Please see the call log, USFFC 000001-000003, reflecting calls that are the subject of this lawsuit.

22. **Plaintiff's Objection:** The answer to the interrogatory is not contained in the documents USFFC 001-003 and thus this answer is not responsive.

23. IRR #3 State why USFFC called or allowed for calls to be placed to the Plaintiff after the lawsuit which was filed in Tennessee.

24. ANSWER: Upon information and belief, Cunningham expressed an interest in having his existing loan either consolidated or restricted. Please see the call log, USFFC 000001-000003.

25. AMENDED ANSWER Upon information and belief, USFFC purchased a lead from Powers Marketing Group, California. Cunningham completed an online form seeking help with student loans. As a part 4 of completing the form, Cunningham disclosed information including his name, phone

number, email, debt amount, and the best time to call. Before the form is submitted, a disclaimer appears on screen indicating that by submitting the form, the consumer is willing to receive marketing calls.

26. **Plaintiff's Objection:** The amended answer is not responsive to the question asked. At this point in the case, the response should not be "upon information and belief" and the court specifically ordered the defendants to produce evidenc of consent including the documents related to the web form, which the defendants cite in their interogatory response, but produce no evidence of. The defendants do not state the date and of the purchase for the lead, as in before or after the Plaintiff sued them in Tennessee or produce any documents relating to the supposed purchase of leads from Powers Marketing Group. The Defendants have not produced the "disclaimer" language that supposedly gave them consent to call the Plaintiff, which would presumably be on the web form.

27. IRR #4 State if and how the defendant concluded they had prior express consent to call the Plaintiff using an automated telephone dialing system as defined by the TCPA, 47 USC 227.

28. ANSWER: Please see the call log, USFFC 000001-000003.

29. AMENDED ANSWER: Please see the call log, USFFC 000001-000003. Upon information and belief, Cunningham completed an online form seeking help with student loans. As a part of completing the form, Cunningham disclosed information including his name, phone number, email, debt amount, and the best time to call. Before the form is submitted, a disclaimer appears on screen indicating that by submitting the form, the consumer is willing to receive marketing calls.

30. **Plaintiff's Objection:** The amended answer is not responsive to the question asked. At this point in the case, the response should not be "upon information and belief" and the court specifically ordered the defendants to produce evidenc of consent including the documents related to the web form, which the defendants cite in their interogatory response, but produce no evidence of. The defendants do not state the date and of the purchase for the lead, as in before or after the Plaintiff sued them in Tennessee or produce any documents relating to the supposed purchase of leads from Powers Marketing Group. The Defendants have not produced the "disclaimer" language that supposedly gave them consent to call the Plaintiff, which would presumably be on the web form.

31. IRR #5 State the total number of automated calls placed to the Plaintiff's cell phone as described in the complaint, 615-212-9191 in the 4 years prior to the filing of this lawsuit including the date, time, caller ID, Duration, and name, address, and phone number of each party speaking

32. ANSWER: Defendant objects to this Request on the grounds it is overly broad and not reasonably limited in time, scope, or subject matter. With respect to the calls at issue in this lawsuit, please see the call log, USFFC 000001-000003.

33. IRR#6 State in detail all written policies for maintaining an internal do-not-call list and state all training completed by any employee or agent that called the Plaintiff on the use of an internal do-not-call list.

34. ANSWER: Defendant will supplement.

35. **Plaintiff's Objection:** No supplement was provided by the Defendants in written or production form to this question.

36. IRR#9 State the total amount paid for leads and total number of leads purchased from Powers Marketing Group or any lead generation company and paid by USFFC each year for the 4 years prior to the filing of this lawsuit

37. ANSWER: Defendant objects to this Request on the grounds it is overly broad and not reasonably limited in time, scope, or subject matter. Defendant objects to this Request on the grounds it is an impermissible fishing expedition. Defendant objects to this Request on the grounds the Request is not reasonably calculated to lead to the discovery of admissible evidence.

38. **Plaintiff's Objection:** This interrogatory was limited to the leads relating to the Plaintiff's number. No records were produced despite the defendants claiming multiple times that they purchased the Plaintiff's information from lead vendors and relates to interrogatory #12.

39. IRR #12 State and describe in detail all steps, monies paid, mediums, and services used to advertise the products and services of Defendant CBC by USFFC to include the name, address, and phone number of any service providers in the 4 years prior to the filing of this lawsuit.

40. ANSWER: Defendant objects to this Request on the grounds it is overly broad and not reasonably limited in time, scope, or subject matter. Defendant objects to this Request on the grounds it is an impermissible fishing expedition. Defendant objects to this Request on the grounds the Request is not reasonably calculated to lead to the discovery of admissible evidence.

41. AMENDED ANSWER: USFFC does not participate in direct advertisement. USFFC procures form fills and transfers from lead vendors.

42. **Plaintiff's Objection:** This answer is not responsive to the question and would presumably involve the lead purchased from powers marketing group as they state in their answer. No evidence of form fills or purchase of leads from Powers marketing Group has been produced.

### Interrogatories to Jay Singh

43. IRR #1 The question sought how each call was dailed and the party who dialed it. The defendants point the Plaintiff to a call log as a response, but the documents fail to answer the question, do not state how the calls were dialed, or if it contained a pre-recorded message.

44. IRR #2 sought the name address and phone number for every agent that placed a call to the Plaintiff in the 4 years prior to the lawsuit. Again the Defendants refer to the call log which fails to include

the calls made in the previous lawsit which were admitted to and fails to identify any person who called.

45. IRR #3 is not responsive to the question and fails to set the basis for why the defendants called the Plaintiff after getting sued previously in Tennessee

46. IRR #4 seeks information for how the defendants concluded they had prior express consent to call, but the response simply refers to the call log which is not responsive.

47. IRR#5 seeks the total number of calls placed, but again the defendants don't answer the question and refer to the non-responsive call log.

48. IRR #7 This request seeks the revenue generated by USFFC in the prior 4 years. The Defendants object to this question improperly. It is asked to determine the nature of the relationship between USFFC and CBC conglomerate and if there are other ways of marketing that don't involve telemarketing.

IRR #7 Withdrawn

49. IRR#9 This request seeks to find how the Defendants obtained the Plaintiff's phone number used for telemarketing.

50. IRR#10 seeks to understand the nature of the defendants business and services offered.

51. IRR #12 seeks to understand the nature of the defendants business and services offered.

52. IRR #14 this request seeks to ascertain how each call was initiated by using an automated telephone dialing system or not. The Defendants call log is not responsive and doesn't answer this question.

## Interrogatories to CBC Conglomerate, LLC

53. IRR #2 This request is not responsive as they name USFFC but fail to identify them by name, address, and phone number.

54. IRR #3 This request seeks to understand why CBC called or allowed calls to be placed to the Plaintiff after being sued by the Plaintiff. This response is not responsive.

55. IRR #4 This request sought how CBC concluded that they had consent to call the Plaintiff. The answer is not responsive.

56. IRR #5 This question sought to identify the total number of calls to the Plaintiff's cell phone and the Defendnat's response is not responsive.

57. IRR #7 This question sought the total amount of revenue in the past 4 years for document preparation. The question seeks to understand the nature of the Defendant's business.

58. IRR #9 This question seeks the total amount paid for leads and the source of the Plaintiff's phone number. The answer is not responsive. The Plaintiff is entitled to know how the defendants obtained his phone number.

59. IRR #10 This request seeks the products and services provided to consumers to understand the nature of the Defendant's business. The defendants have objected and not provided a response.

60. IRR #12 This request seeks to understand the nature of the defendant's business by stating the total number of consumers that obtained and paid for document preparation services.

61. IRR #14 This request seeks information on how the defendants advertise their business. This is simply to gain an understanding of the nature of the defendant's business.

62. IRR #16 seeks to understand why the contract sent to the Plaintiff failed to contain the legal name of CBC Conglomerate and used a non-existent entity of 1file.org. Defendants claim they will supplement but have not done so to date.

## Interrogatories to Bruce Hood

63. IRR #1 The question sought how each call was dailed and the party who dialed it. The defendants point the Plaintiff to a call log as a response, but the documents fail to answer the question, do not state how the calls were dialed, or if it contained a pre-recorded message.

64. IRR #2 sought the name address and phone number for every agent that placed a call to the Plaintiff in the 4 years prior to the lawsuit. Again the Defendants refer to the call log which fails to include the calls made in the previous lawsit which were admitted to and fails to identify any person who called.

65. IRR #3 is not responsive to the question and fails to set the basis for why the defendants called the Plaintiff after getting sued previously in Tennessee

66. IRR #4 seeks information for how the defendants concluded they had prior express consent to call, but the response simply refers to the call log which is not responsive.

67. IRR#5 seeks the total number of calls placed, but again the defendants don't answer the question and refer to the non-responsive call log.

68. IRR #7 This request seeks the revenue generated by CBC in the prior 4 years. The Defendants object to this question improperly. It is asked to determine the nature of the relationship between USFFC and CBC conglomerate and if there are other ways of marketing that don't involve telemarketing.

69. IRR#9 This request seeks to find how the Defendants obtained the Plaintiff's phone number used for telemarketing.

70. IRR#10 seeks to understand the nature of the defendants business and services offered.

71. IRR #12 seeks to understand the nature of the defendants business and services offered.

72. IRR #14 this request seeks to ascertain how each call was initiated by using an automated telephone dialing system or not. The Defendants call log is not responsive and doesn't answer this question.

## Interrogatories to Carey Howe

73. IRR #1 The question sought how each call was dailed and the party who dialed it. The defendants point the Plaintiff to a call log as a response, but the documents fail to answer the question, do not state how the calls were dialed, or if it contained a pre-recorded message.

74. IRR #2 sought the name address and phone number for every agent that placed a call to the Plaintiff in the 4 years prior to the lawsuit. Again the Defendants refer to the call log which fails to include the calls made in the previous lawsit which were admitted to and fails to identify any person who called.

75. IRR #3 is not responsive to the question and fails to set the basis for why the defendants called the Plaintiff after getting sued previously in Tennessee

76. IRR #4 seeks information for how the defendants concluded they had prior express consent to call, but the response simply refers to the call log which is not responsive.

77. IRR#5 seeks the total number of calls placed, but again the defendants don't answer the question and refer to the non-responsive call log.

78. IRR #7 This request seeks the revenue generated by CBC in the prior 4 years. The Defendants object to this question improperly. It is asked to determine the nature of the relationship between USFFC and CBC conglomerate and if there are other ways of marketing that don't involve telemarketing.

79. IRR#9 This request seeks to find how the Defendants obtained the Plaintiff's phone number used for telemarketing.

80. IRR#10 seeks to understand the nature of the defendants business and services offered.

81. IRR #12 seeks to understand the nature of the defendants business and services offered.

82. IRR #14 this request seeks to ascertain how each call was initiated by using an automated telephone dialing system or not. The Defendants call log is not responsive and doesn't answer this question.

## Requests for Production

**83. Request for production to Bruce Hood**

84. Request #4 seeks all evidence to support their affirmative defenses. The Defendants produced documents 001-003 are produced, but these are not responsive. The Defendants claim they will supplement but have not done so.

85. Request #6 seeks all evidence to detail how the calls were placed. The Defendants produced documents 001-003 are produced, but these are not responsive.

86. Request #8 seeks all evidence regarding billing records for phone service The Defendants produced documents 001-003 are produced, but these are not responsive and are defacto not billing records.

87. Request #9 seeks all evidence regarding the use of a dialer system The Defendants produced documents 001-003 are produced, but these are not responsive and state nothing about a dialer system used to place the calls.

88. Request #10 and 11 seek evidence regarding the phone systems in place, dialer manual, and documents relating to the capacity of the systems to place calls as well as correspondance, contracts, and emails with the other defendants and parties alleged to have placed the calls USFFC. The Defend-

ants objected and produced nothing despite this being directly relevant to who placed the calls and how they were placed.

89. Request #12 seeks all evidence regarding the use of a dialer system The Defendants produced documents 001-003 are produced, but these are not responsive and are not all the documents that refer or relate to the Plaintiff. Furthermore, the defendants claim privilege, but don't include a privileg log or state which documents are being withheld and what the the privilege basis is for each document.

90. Request #13 seeks evidence regarding telemarketing, which is the entire point of this lawsuit. The Defendants objected and produced nothing despite this being directly relevant to the facts of the lawsuit.

91. Request #14 seeks evidence regarding calls placed to the Plaintiff's phone number in the 4 years prior including contracts with 3rd parties and telephone service providers. The Defendants objected and produced nothing despite this being directly relevant to the facts of the lawsuit. The defendants refer to documents 001-003, but these are not responsive to the request.

92. Request #15 seeks evidence regarding the existance of USFFC as a corporation. This relates directly to the corporations standing, existance, and ability to defend themselves in a lawsuit.

**93. Request for production to Jay Singh**

94. Request #4 seeks all evidence to support their affirmative defenses. The Defendants produced documents 001-003 are produced, but these are not responsive. The Defendants claim they will supplement but have not done so.

95. Request #6 seeks all evidence to detail how the calls were placed. The Defendants produced documents 001-003 are produced, but these are not responsive.

96. Request #8 seeks all evidence regarding billing records for phone service The Defendants produced documents 001-003 are produced, but these are not responsive and are defacto not billing records.

97. Request #9 seeks all evidence regarding the use of a dialer system The Defendants produced documents 001-003 are produced, but these are not responsive and state nothing about a dialer system used to place the calls.

98. Request #10 and 11 seek evidence regarding the phone systems in place, dialer manual, and documents relating to the capacity of the systems to place calls as well as correspondance, contracts, and

emails with the other defendants and parties alleged to have placed the calls USFFC. The Defendants objected and produced nothing despite this being directly relevant to who placed the calls and how they were placed.

99. Request #12 seeks all evidence regarding the use of a dialer system The Defendants produced documents 001-003 are produced, but these are not responsive and are not all the documents that refer or relate to the Plaintiff. Furthermore, the defendants claim privilege, but don't include a privileg log or state which documents are being withheld and what the the privilege basis is for each document.

100. Request #13 seeks evidence regarding telemarketing, which is the entire point of this lawsuit. The Defendants objected and produced nothing despite this being directly relevant to the facts of the lawsuit.

101. Request #14 seeks evidence regarding calls placed to the Plaintiff's phone number in the 4 years prior including contracts with 3rd parties and telephone service providers. The Defendants objected and produced nothing despite this being directly relevant to the facts of the lawsuit. The defendants refer to documents 001-003, but these are not responsive to the request.

102. Request #15 seeks evidence regarding the existance of USFFC as a corporation. This relates directly to the corporations standing, existance, and ability to defend themselves in a lawsuit.

**103.    Request for production to CBC Conglomerate, LLC**

104. Request #1 seeks documents relating to the maintenance of an internal do not call list, which is an element of violations of 47 USC 227(c)(5). Defendants claim they will supplement but have not done so.

105. Request #2 seek documents relating to calls to the Plaintiff as alleged by the Plaintiff in the complaint.

106. Request #4 seeks all evidence to support their affirmative defenses. The Defendants produced documents 001-003 are produced, but these are not responsive. The Defendants claim they will supplement but have not done so.

107. Request #5 seeks all evidence relating to payments for leads to any vendor or 3rd party. This request is related to how the Defendants obtained the Plaintiff's cell phone number and consent to call.

108. Request #6 seeks all evidence to detail how the calls were placed. The Defendants produced documents 001-003 are produced, but these are not responsive.

109. Request #8 seeks all evidence regarding billing records for phone service The Defendants produced no documents and objected to the request and claims USFFC placed the calls.

110. Request #9 seeks all evidence regarding the use of a dialer system The Defendants produced documents 001-003 are produced, but these are not responsive and state nothing about a dialer system used to place the calls.

111. Request #10 and 11 seek evidence regarding the phone systems in place, dialer manual, and documents relating to the capacity of the systems to place calls as well as correspondance, contracts, and emails with the other defendants and parties alleged to have placed the calls USFFC. The Defendants objected and produced nothing despite this being directly relevant to who placed the calls and how they were placed.

112. Request #12 seeks all evidence regarding the use of a dialer system The Defendants produced documents 001-003 are produced, but these are not responsive and are not all the documents that refer or relate to the Plaintiff. Furthermore, the defendants claim privilege, but don't include a privileg log or state which documents are being withheld and what the the privilege basis is for each document.

113. Request #13 seeks evidence regarding telemarketing, which is the entire point of this lawsuit. The Defendants objected and produced nothing despite this being directly relevant to the facts of the lawsuit.

114. Request #14 seeks evidence regarding calls placed to the Plaintiff's phone number in the 4 years prior including contracts with 3rd parties and telephone service providers. The Defendants objected and produced nothing despite this being directly relevant to the facts of the lawsuit. The defendants refer to documents 001-003, but these are not responsive to the request.

115. **Request for production to USFFC, LLC**

116. Request #1 seeks documents relating to the maintenance of an internal do not call list, which is an element of violations of 47 USC 227(c)(5). Defendants claim they will supplement but have not done so.

117. Request #2 seek documents relating to training defendants on the use of an internal do not call list, which is a central element to violations of 47 USC 227(c)(5). Defendant claims they will supplement, but has not done so.

118. Request #3 seek documents relating to consent by the Plaintiff to be called. The defendants refer to non-responsive documents that don't even contain the word "consent" in the text. Defendant claims they will supplement, but has not done so.

119. Request #4 seeks all evidence to support their affirmative defenses. The Defendants produced documents 001-003 are produced, but these are not responsive. The Defendants claim they will supplement but have not done so.

120. Request #5 seeks all evidence relating to payments for leads to any vendor or 3rd party. This request is related to how the Defendants obtained the Plaintiff's cell phone number and consent to call. The Defendants claim to not have the evidence in their individual capacity, but claim to have placed the calls. This response is nonsensical.

121. Request #6 seeks all evidence to detail how the calls were placed. The Defendants produced documents 001-003 are produced, but these are not responsive. Nothing in the documents says anything about how the calls were dialed. No manual on the configuration and operation of the dialer are included in the documents produced.

122. Request #8 seeks all evidence regarding billing records for phone service The Defendants produced no documents and objected to the request and refer to 001-003, but the documents produced are not billing records from a phone company.

123. Request #9 seeks all evidence regarding the use of a dialer system The Defendants produced documents 001-003 are produced, but these are not responsive and state nothing about a dialer system used to place the calls.

124. Request #10 and 11 seek evidence regarding the phone systems in place, dialer manual, and documents relating to the capacity of the systems to place calls as well as correspondance, contracts, and emails with the other defendants and parties alleged to have placed the calls USFFC. The Defendants objected and produced nothing despite this being directly relevant to who placed the calls and how they were placed.

125. Request #12 seeks all evidence regarding the use of a dialer system The Defendants produced documents 001-003 are produced, but these are not responsive and are not all the documents that refer or relate to the Plaintiff. Furthermore, the defendants claim privilege, but don't include a privileg log or state which documents are being withheld and what the the privilege basis is for each document.

126. Request #13 seeks evidence regarding telemarketing, which is the entire point of this lawsuit. The Defendants objected and produced nothing despite this being directly relevant to the facts of the lawsuit.

127. Request #14 seeks evidence regarding calls placed to the Plaintiff's phone number in the 4 years prior including contracts with 3rd parties and telephone service providers. The Defendants objected and produced nothing despite this being directly relevant to the facts of the lawsuit. The defendants refer to documents 001-003, but these are not responsive to the request.

128. Request #15 seeks evidence regarding the existance of USFFC as a corporation. This relates directly to the corporations standing, existance, and ability to defend themselves in a lawsuit.

**129.  Request for production to Carey Howe**

130. Request #4 seeks all evidence to support their affirmative defenses. The Defendants produced documents 001-003 are produced, but these are not responsive. The Defendants claim they will supplement but have not done so.

131. Request #6 seeks all evidence to detail how the calls were placed. The Defendants produced documents 001-003 are produced, but these are not responsive.

132. Request #8 seeks all evidence regarding billing records for phone service The Defendants produced documents 001-003 are produced, but these are not responsive and are defacto not billing records.

133. Request #9 seeks all evidence regarding the use of a dialer system The Defendants produced documents 001-003 are produced, but these are not responsive and state nothing about a dialer system used to place the calls.

134. Request #10 and 11 seek evidence regarding the phone systems in place, dialer manual, and documents relating to the capacity of the systems to place calls as well as correspondance, con-

tracts, and emails with the other defendants and parties alleged to have placed the calls USFFC. The Defendants objected and produced nothing despite this being directly relevant to who placed the calls and how they were placed.

135. Request #12 seeks all evidence regarding the use of a dialer system The Defendants produced documents 001-003 are produced, but these are not responsive and are not all the documents that refer or relate to the Plaintiff. Furthermore, the defendants claim privilege, but don't include a privileg log or state which documents are being withheld and what the the privilege basis is for each document.

136. Request #13 seeks evidence regarding telemarketing, which is the entire point of this lawsuit. The Defendants objected and produced nothing despite this being directly relevant to the facts of the lawsuit.

137. Request #14 seeks evidence regarding calls placed to the Plaintiff's phone number in the 4 years prior including contracts with 3rd parties and telephone service providers. The Defendants objected and produced nothing despite this being directly relevant to the facts of the lawsuit. The defendants refer to documents 001-003, but these are not responsive to the request.

138. Request #15 seeks evidence regarding the existance of USFFC as a corporation. This relates directly to the corporations standing, existance, and ability to defend themselves in a lawsuit.

**139. Sanctions and an order of contempt are appropriate**

140. Despite being ordered by the court to produce relevant call records and identify the telecom that carried the calls across the defendant's network, they have not done so. They have not produced phone bills, they have not produced phone records from a phone company, and they have not identified the telecom that transmitted the calls in question. There is a large disparity between the parties regarding the total number of calls placed: The Plaintiff alleged 73 and the Defendants claim only 30, and without getting phone records from an identifiable phone company, it is impossible to resolve this dispute as to the total number of calls placed. The Defendants should be sanctioned for this blatant misconduct and each and every alleged call by the Plaintiff should be deemed to have been made and initiated using an automated telephone dialing system by or on behalf of the defendants.

141. The Defendants have produced no evidence of consent, no web form, no IP address, or website where the Plaintiff supposedly entered his information despite relying on this as their central defense and stating so multiple times under oath in the interrogatory responses from USFFC. The court should order a finding that the Defendants placed the calls without the Plaintiff's consent as a sanction.

142. The Defendants have not defined the term "Manual", described how the calls were placed/initiated, and merely claim that the calls were not placed by a "predictive dialer". There are multiple types of phone systems that are automated telephone dialings systems that are not predictive dialers that are still an ATDS as defined by the TCPA. A predictive dialer is a subset of automated telephone dialing systems. The Defendants claim the calls were placed by a desktop phone without of course specifying what kind of phone or dialing system it has and the capabilities of that phone system. The defendants have not complied with the court's order and each and every call should be deemed to have been placed by an automated telephone dialing system.

143. The Defendants have still not verified the interrogatories sent to Bruce Hood, Carey George Howe, Jay Singh individually, or CBC Conglomerate despite a clear court order directing them to do so under oath and penalty of perjury. Each of the Defendants that have not provided verified responses should be sanctioned $5000 to the court.

*Craig Cunningham*
Plaintiff,

12/19/2018 Plaintiff, Pro-se, 3000 Custer Road, ste 270-206 Plano, Tx 75075

US District Court for the Middle District of TN

)   Craig Cunningham

)   Plaintiff, pro se

)

)       v.

**CIVIL ACTION NO.** 4:17cv-00793

)

)   CBC Conglomerate LLC, et al

**Certificate of Service**

I certify that a true copy of the foregoing was sent via mail to the defendants attorney of record

*Craig Cunningham*
Plaintiff,

12/19/2018 Plaintiff, Pro-se, 3000 Custer Road, ste 270-206 Plano, Tx 75075