
| CRAIG CUNNINGHAM, Plaintiff, <br><br> v. <br><br> CBC Conglomerate, LLC, et al <br><br> Defendant | § § § § § § § § § § § | Civil Case No. 4:17-CV-00793-ALM-CAN |
|---|---|---|

### Plaintiff's Response and Objections to the Defendant's Motion in Limine

1. The Plaintiff objects to the Defendant's Limine motion for the following subjects

2. **#29 OTHER CLAIMS INVOLVING THE DEFENDANTS**

3. It is directly relevant to the claims of the Plaintiff and defenses presented in this case that the Plaintiff filed a previous lawsuit against the Defendants in 2015 for illegal telemarketing, 3:16-cv-02285 in the Middle District of Tennessee.

4. Prior litigation involving the Plaintiff is particularly relevant to the elements of the calls placed in this current case being willful and knowing and to the Defendant's defense of consent. In fact, in a similar TCPA case, Cunningha v Crosby Billing Services, this court took judicial notice of the fact that the Plaintiff had previously sued the Defendants in Cunningham v Crosby for illegal telemarketing, the identical situation in this current case, and determined that *"certainly the initiation of a lawsuit filed against Defendants for making automated calls to Plaintiff's cellphone number in violation of the TCPA, which is pleaded to be the same cell phone number as in the instant case, gives Defendants reason to know that their conduct may potentially violate the TCPA"* and awarded treble damages finding the calls were willful and knowing and that a trebling of damages was appropriate.

5. Other courts have reached similar conclusion in reviewing prior lawsuits for telemarketing to determine enhanced "knowing and willful damages: *Baemmert v. Credit One Bank, N.A.*, 271 F. Supp.3d 1043, 1052 (W.D. Wis. 2017) (holding that defendant's TCPA violations were willful and knowing as "[defendant] was aware of its obligations under the TCPA, as it ha[d] been sued over a dozen times in the past for TCPA violations"); American Blastfax, Inc., 164 F.Supp.2d at 899 (finding that defendants' TCPA violations were willful and knowing as defendants knew that their conduct reasonably could be in violation of the TCPA based on a court order and defendants continued violative actions thereafter); j2 Global Communications Inc. v. Blue Jay Inc., No. C 08-4252 PJH, 2009 WL 4572726, at *8 (N.D. Cal. Dec. 1, 2009) (finding defendant's TCPA violations were willful and knowing as defendant had been sued under the TCPA several times before).

6. Similarly, putting the Defendants on notice that the calls were unwanted by suing the defendants for illegal telemarketing would undermine the Defendant's defense that the Plaintiff invited the calls and consented to them. No reasonable person would think it prudent or that they had consent to telemarket to someone that has sued them for illegal telemarketing in the past.

7. Prior litigation involving the Plaintiff is squarely a relevant issue for a finder of fact to determine in assessing the claims and defenses presented in this case.

Craig Cunningham
Plaintiff,
3000 Custer Road, ste 270-206 Plano Tx 75075, 615-348-1977 1/31/2019

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TEXAS

| CRAIG CUNNINGHAM, Plaintiff, | § § § § |
|---|---|
| v. | § § Civil Case No. 4:17-CV-00793-ALM-CAN |
| CBC Conglomerate, LLC, et al | § § |
| Defendant | § § § |

## Plaintiff's Certificate of Service

I hereby certify that a true copy of the foreoing was mailed to the attorney of record and other defendants in this case via ECF and first class mail and email on 2/1/2019:

Stew Schmella, Lanza Law Firm, PC, 4950 Bissonnet St., Houston, TX 77401

Craig Cunningham
Plaintiff,

Craig Cunningham, Plaintiff, Pro se
5543 Edmondson Pike, ste 248 Nashville, TN 37211, 615-348-1977
2/1/2019