## UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **CRAIG CUNNINGHAM,** <br> **Plaintiff,** <br><br> **v.** <br><br> CBC Conglomerate, LLC, et al <br><br> **Defendant** | § <br> § <br> § <br> § <br> §    **Civil Case No. 4:17-CV-00793-** <br> **ALM-CAN** <br> § <br> § <br> § <br> § |

### Plaintiff's Proposed Jury Instructions and Verdict Form

1. The Plaintiff objects to **Instruction No. 7** and contends it should read as follows:

2. Plaintiff Craig Cunningham seeks relief under the Telephone Consumer Protection Act, 47 USC 227(b) which provides:

3. "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service."

4. Although the TCPA generally prohibits autodialed telephone calls to cellular telephones, liability does not exist for autodialed telephone calls to wireless telephones there was prior express written consent from the called party

5. Therefore, for Plaintiff Craig Cunningham to prevail under the TCPA, he must prove by the greater weight of the evidence, each of the following elements:

6. 1. That Defendant USFFC and/or CBC Conglomerate made a call or calls to Plaintiff Craig Cun-

ningham's cellular telephone; and

7. 2. If you find USFFC and/or CBC Conglomerate made a call or calls to Plaintiff Craig Cunning-
ham's cellular telephone, you must also find USFFC and/or CBC Conglomerate did so using an au-
tomatic telephone dialing system, which is defined as "equipment which has the capacity (A) to
store or produce telephone number to be called, using a random or sequential number generator,
and (B) to dial such numbers."

8. If the equipment has the capacity to store and dial numbers it is considered an automated telephone
dialing system.

9. If Plaintiff Craig Cunningham proves these elements by a preponderance of the evidence, you will
then turn to USFFC and/or CBC Conglomerate's affirmative defenses. If USFFC and/or CBC Con-
glomerate proves by the greater weight of the evidence that Plaintiff Craig Cunningham provided
prior express written consent to be called at his cellular telephone using an automatic telephone di-
aling system or an artificial or prerecorded voice, then Plaintiff Craig Cunningham would not pre-
vail on his claim for a violation of the TCPA.

10. Source: TCPA, 47 U.S.C. § 227(a)(1), (b)(1)(A)(iii)

11. Plaintiff Objects to **Instruction No. 8** it should read as follows:

12. If you find that Plaintiff Craig Cunningham is entitled to recover under the TCPA, you must deter-
mine if Defendants USFFC and/or CBC Conglomerate "willfully" or "knowingly" violated the
TCPA. Plaintiff Craig Cunningham has the burden of proving by the greater weight of the evidence
that calls were made "willfully" or "knowingly." You are instructed that "knowingly" means that
Defendants USFFC and/or CBC Conglomerate acted or failed to act in a manner it knew violated
the TCPA and you may consider prior lawsuits for telemarketing violations in determining if the
Defendants knew or should have known that their conduct was illegal. It means that Defendants
USFFC and/or CBC Conglomerate did not act through ignorance, mistake, or accident. Knowledge

may be proven by the Defendants' conduct and all facts and circumstances surrounding the case. "Willfully" does not require bad faith, but simply that the person knew or should have known that they were doing something the law forbids. If you find Defendants USFFC and/or CBC Conglomerate liable in this case, you are not being asked to determine the total amount of damages. The judge will determine appropriate damages depending upon your findings. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Craig Cunningham has proved liability. Source: TCPA, 47 U.S.C. § 227(b)(3) and *American Blastfax, Inc.*, 164 F. Supp. 2d at 899; see also King v. Time Warner Cable, 113 F. Supp. 3d 718, 727 (S.D. N.Y. 2015)

13. Additionally, to reflect the other counts in this case, the Plaintiff presents the following jury instructions related to the other claims alleged

## ADDITIONAL JURY INSTRUCTIONS

14. The Plaintiff proposes the following jury instructions to reflect all the causes of action in the complaint.

**15. Jury Instruction 13**

16. Plaintiff Craig Cunningham seeks relief under 47 USC 227(c)(5) and the telemarketing regulations under 47 CFR 64.1200(d) which requires places several requirements on a person or entity engaged in telemarketing must institute procedures for maintaining a list of person who request not to receive telemarketing calls by or on behalf of that person or entity. It is not necessary that a person request to be on the company's internal do not call list or that they be on the National do not call list for these regulations to apply. These regulations apply to any person or entity engaging in telemarketing. Placing calls without any or all of these procedures in place would violate the TCPA 47 USC 227(c)(5). The procedures must meet the following minimum standards:

17. 1- **Written Policy**-The Defendants must have a written policy available on demand for maintaining a do-not-call list

18. If you find that the Defendants did not maintain a written policy related to the maintence and use of an internal do-not-call list or produce one on demand, you may find the Defendants violated this

subsection of the TCPA.

19. 2-**Training of personnel**- The defendants must train their personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

20. If you find that there is no record of Training of personnel on the use and existance of an internal do-not-call list, you may find the Defendants violated this subsection of the TCPA.

21. 3- **Recording, disclosure of do-not-call requests.** If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request.

22. If you find that the Defendants in this case failed to record a do-not-call request from the Plaintiff in this case, you may find the Defendants violated this subsection of the TCPA.

23. *Identification of sellers and telemarketers.* A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

24. If you find that the Defendants in this case failed to identify themselves and the entity they were calling on behalf of, you may find that the Defendants violated this subsection of the TCPA.

25. *Maintenance of do-not-call lists.* A person or entity making calls for telemarketing purposes must

maintain a record of a [consumer](#)'s request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

26. If you find that the Defendants did not maintain a record of the Plaintiff's do-not-call request for 5 years following the request, you may find that the Defendants violated this subsection of the TCPA.

Source: 47 USC 227(c)(5) and 47 CFR 64.1200(d)

**27. Jury instruction 14:**

28. The Texas Business and Commerce code 305.053 is a state law that also places regulations on tele-marketers that call into Texas.

29. Any person who recieves a communication that violates 47 USC 227, a regulation adopted under that provision, or subchapter A may bring an action in this state against the person who originates the communication for damages and may be awarded the greater of $500 for each violation and if the court finds that the defendant committted the violation knowingly or intentionally, the court may increase the award of damages under subsection (b) to not more than the greater of $1500.

30. According to this law, any violation of 47 USC 227 is a violation of the Texas state law, even portion of 47 USC 227 that would not normally be actionable. If you determine that 47 USC 227 (e) was violated, which prohibits the provision of inaccurate caller identification information, you may find that the Defendants violated the law.

**31. Jury Instruction 15**

32. The state of Texas has laws that regulate a person's privacy and right to be left alone. If you find that the Plaintiff's privacy was invaded, you may find the Defendant's invaded the Plaintiff's privacy with the telephone calls as described

Craig Cunningham
Plaintiff,
3000 Custer Road, ste 270-206 Plano Tx 75075, 615-348-1977 1/31/2019

# PROPOSED VERDICT FORM

The following additional question should be added or modified to the Proposed verdict form

Question 2: How many calls did USFFC and/or CBC Conglomerate make to Plaintiff Cunningham's cellular telephone using an automatic telephone dialing system without his prior express written consent?


ANSWER_____


Question 4: How many calls did USFFC and/or CBC Conglomerate willfully or knowingly make to Plaintiff Cunningham's cellular telephone using an automatic telephone dialing system without his prior express written consent?

ANSWER_____


Question 10: How many calls did USFFC and/or CBC Conglomerate make that violated the Texas Business and Commerce code 305.053 or violate in any way 47 USC 227


ANSWER_____


Question 11: Did the calls placed by USFFC and/or CBC Conglomerate violate the Plaintiff's right to privacy and to be left alone?


ANSWER_____


Question 12: Did you determine that the Defendants had an internal do not call policy in place at the time calls were placed?


ANSWER_____

Question 13: Did you determine that the Defendants trained the individuals placing calls or involved in telemarketing on the use of an internal do-not-call policy?


ANSWER_____

Question 14: Did you determine that the Defendants recorded the do-not-call request from the Plaintiff?

ANSWER_____


Question 15: Did you determine that the sellers and telemarketers were properly identified in the calls to include the name, address, and phone number of the sellers and calling parties?


ANSWER_____


Question 16: Did you determine that the Plaintiff's request to not receive calls anymore was properly recorded and honored for 5 years following the request?


ANSWER_____

# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **CRAIG CUNNINGHAM,**<br>**Plaintiff,**<br><br>v.<br><br>CBC Conglomerate, LLC, et al<br><br>**Defendant** | §<br>§<br>§<br>§<br>§   **Civil Case No. 4:17-CV-00793-**<br>**ALM-CAN**<br>§<br>§<br>§<br>§ |
| | |


## Plaintiff's Certificate of Service


I hereby certify that a true copy of the foreoing was mailed to the attorney of record and other defendants in this case via ECF and first class mail and email on 2/1/2019:


Stew Schmella, Lanza Law Firm, PC, 4950 Bissonnet St., Houston, TX 77401


Craig Cunningham
Plaintiff,

Craig Cunningham, Plaintiff, Pro se
5543 Edmondson Pike, ste 248 Nashville, TN 37211, 615-348-1977
2/1/2019