IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



FILED
JUL 19 2019
Clerk, U.S. District Court
Texas Eastern

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | § | C.A. NO. 4:17-CV-00793 |
| | § | |
| VS. | § | |
| | § | |
| CBC CONGLOMERATE, LLC, ET AL | § | JURY |
| | § | |

### PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT

1. To the Honorable US District Court:

2. The Plaintiff now moves for summary judgment for all calls in this case for violations of 47 USC 227(c)(5) violations as codified under 47 CFR 64.1200(d) against all defendants.

3. **SUMMARY JUDGMENT EVIDENCE**

4. Discovery Responses from USFFC to the Plaintiff's Request for Production and interrogatories

5. Call recordings from USFFC

6. Documents produced by Magna5, LLC

7. Complaint from Tennessee lawsuit against CBC Conglomerate

8. CBC 001-003, discovery responses to the Plaintiff's request for production

9. **FACTS**

10. The Defendants were previously sued by the Plaintiff in 2015 for illegal telemarketing to 615-212-9191.

11. Carey George Howe personally put an alert in his CRM system notifying El Docs in April 21,2015 "DO NOT CONTACT THIS CLIENT"

12. According to the records produced by Magna5, LLC, at least 90 more calls wer placed to the Plaintiff's cell phone by El Docs from July 2017 through December 2017 to 615-212-9191

13. The Defendants were on notice from the Plaintiff's previous lawsuit that he did not want to recieve telemarketing calls to 615-212-9191.

14. Any reasonable person would have placed the Plaintiff on their internal Do-not-call list if they had one.

15. The Defendants were asked for a copy of their internal-do-not-call policy and failed to produce one even in discovery in this case.

16. The Defendants never identified themselves as El Docs, USFFC, or CBC Conglomerate and instead falsely claimed to be part of the US Government.

17. **The Defedants did not maintain an internal Do-not-call Policy and failed to produce one upon request even in discovery in violation of 47 CFR 64.1200(d)(1)**

18. The Plaintiff requested a copy of the defendant's internal do not call policy and even in discovery, the Defendants have failed to produce one. This is evidence that the Defendants lack a do-not-call policy and as such placed calls without maintaining one in violation of 47 CFR 64.1200(d)(1).

19. The Plaintiff asked in interrogatories and request for production #1 for a copy of their internal do-not-call policy and the Defendants never produced one

20. **The Defendants did not train their agents or employees on the existance and use of their internal do-not-call policy in violation of 47 CFR 64.1200(d)(2)**

21. The Defendants have failed to produce any records of training for employees on the existance and use of any Do-not-call policies which they apparently do not even have in place. The Plaintiff has requested documents related to this and the defendants produced none.

22. **The Defendants failed to record the Plaintiff's request to not be called in violation of 47 CFR 64.1200(d)(3)**

23. The Plaintiff had previously sued the Defendants for telemarketing calls putting them on notice that the Plaintiff did not want to receive any telemarketing calls and by continuing to call the Plaintiff after the filing of the Tennessee lawsuit, the Defendants have failed to abide by the Plaintiff's request to not be called anymore.

24. **The Defendants falsely identified themselves in violation of 47 CFR 64.1200(d)(4)**

25. The Plaintiff previously sued the defendants in Tennessee in another case, Cunningham v CBC Conglomerate 3:15-cv-00439 MD Tennessee in 2015.

26. **The court should award the Plaintiff Treble damages for willful and knowing damages of 47 USC 227(c)(5) as codified under 47 CFR 64.1200(d)**

27. As this court has ruled, continuing to call after getitng sued is evidence of willful and knowing conduct. The court ruled as such in Cunningham v Crosby Billing, 4:18-cv-0043, Document 29 stating:

28. In the Tennessee lawsuit, filed in August 2016, Plaintiff filed suit against Jeff Nahom and First Class for violation of TCPA § 227(b) for phone calls made to his cell phone number. Seventeen of the 18 phone calls at issue herein were placed by Jeff Nahom and/or First Class after the filing of the Tennessee lawsuit. The Tennessee lawsuit involves the exact same conduct, the exact same provisions of the TCPA, and Plaintiff identified that the phone calls were made to his cellphone number, 615-212-9191, the exact same number at issue in the instant case. Jeff Nahom and First Class were served with process in the Tennessee lawsuit on September 2, 2016. Moreover, Jeff Nahom signed a response in regards to the Tennessee lawsuit on September 9, 2016 acknowledging that he made phone calls to Plaintiff's cell phone number [Dkt. 22-2], settled out of the Tennessee lawsuit, and yet based upon Plaintiff's evidence proffered in connection with the Motion for Default Judgment continued to make calls to Plaintiff's cell phone after responding to the Tennessee lawsuit on September 9, 2016 [Dkt. 22-2]. While this Court does not take a position regarding whether Defendants have violated the TCPA in the Tennessee lawsuit (as the Tennessee lawsuit is still pending before a different court), certainly the initiation of a lawsuit filed against Defendants for making automated calls to Plaintiff's cellphone number in violation of the TCPA, which is pleaded to be the same cell phone number as the instant case, gives Defendants reason to know that their conduct may potentially violate the TCPA. Seventeen of the 18 violative phone calls were made after Jeff Nahom and First Class were served in the Tennessee lawsuit on September 2, 2016.10 Therefore, the Court finds that those 17 phone calls were made knowingly and willfully in violation of the TCPA and that a trebling of damages is appropriate in the instant case.

29. In this case, all 90 calls were placed after the Tennessee lawsuit was filed against CBC conglomerate and thus all 90 calls were knowing and willful.

Respectfully submitted,

Craig Cunningham
Plaintiff,

Plaintiff, Pro-se 7/19/2019

3000 Custer Road, Ste 270-206 Plano, Tx 75075

615-348-1977

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | § § | C.A. NO. 4:17-CV-00793 |
| VS. | § § | |
| CBC CONGLOMERATE, LLC, ET AL | § § | JURY |

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was mailed and emailed to the attorney of record on 4/19/2019

### Certificate of Service

I certify that a true copy of the foregoing was sent via email and regular mail to Stew Schmella on 7/19/2019

Craig Cunningham
Plaintiff,

Plaintiff, Pro-se 7/19/2019

3000 Custer Road, Ste 270-206 Plano, Tx 75075

615-348-1977