) Craig Cunningham

) Plaintiff, pro se

)

) v.

**CIVIL ACTION NO.** 4:17cv-00793

)

) CBC Conglomerate LLC, et al

FILED
NOV 0 7 2019
Clerk, U.S. District Court
Texas Eastern

**Plaintiff's Motion In Limine**

1. To the honorable US District Court:

2. The Plaintiff requests the court bar the defendants from introducing any opening statements, closing arguments, evidence, depositions, testimony, discovery, or asking any questions of the Plaintiff's litigation history outside of the previously filed case Cunningham v CBC Conglomerate 3:15-cv-00439 M.D. Tennessee (2015) that directly involves the parties present in this case.

3. Plaintiff Cunningham also requests that the Court enter an order prohibiting, at the trial of the above-styled action, any mention of or reference to, by any party herein, in opening statements, in the questioning of witnesses, in documentary evidence and exhibits, in closing arguments or in any other manner before the jury, the amount of statutory damages available under the Telephone Consumer Protection Act ("TCPA").

**Arguments**

4. **The Plaintiff's litigation history is irrelevant and prejudicial beyond the prior Tennessee case involving the parties currently listed in this case.**

5. Plaintiff, CRAIG CUNNINGHAM respectfully requests this Honorable Court enter an order barring any evidence of, reference to, or questions about Plaintiff's litigation history at the trial of this matter.

6. In support thereof, Plaintiff states as follows: To be admissible, evidence must be relevant. Fed. R.

Evid. 402. To be relevant, evidence must have "…any tendency to make the existence of any fact that is of consequence to the determination of an action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence may still be inadmissible if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

7. The case at bar regards alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq. Plaintiff alleges that Defendants called him while residing in Tennessee, which resulted in the Tennessee lawsuit filed in 2015. This case is probabitive to the extent that it is evidence that the Defendants knew the Plaintiff didn't want to recieve any future calls and should have put the Plaintiff on their internal do-not-call list if they had one. This 2015 case involves all the same identical parties and revolves around telemarketing calls for the same student loan services to the same identical phone number. This 2015 lawsuit is directly relevant to the parties and the allegations in this current lawsuit and knowledge of the parties.

8. Plaintiff also alleges that Defendant violated the internal do-not-call list provisions of 47 C.F.R. § 64.1200(d). Plaintiff's prior litigation history has no tendency to make the existence of any fact of consequence to the determination of Defendant's liability more or less probable. Furthermore, even if Plaintiff's prior litigation history was somehow relevant, its probative value is substantially outweighed by its prejudicial effect.

9. The Seventh Circuit Court of Appeals has held that: Evidence of prior acts is admissible if it meets a four-part test: 1. The evidence must be directed towards establishing something at issue other than a party's propensity to commit the act charged; 2. The other act must be similar enough and close enough in time to be relevant to the matter at issue; 3. The evidence must be such that the jury could find that the act occurred and the party in question committed it; and 4. The prejudicial effect of the evidence must not substantially outweigh its probative value. Gastineau v. Fleet Mortg.

Corp., 137 F.3d 490, 494-495 (7th Cir. 1998).

10. Evidence of Plaintiff's prior litigation history would not be directed towards establishing anything at issue in this case. Such evidence would therefore fail the first part of the Seventh Circuit's Gastineau test. Plaintiff's prior litigation history also poses a significant threat of unfairly prejudicing the jury against Plaintiff, such that its prejudicial effect would substantially outweigh its probative value. Such evidence would therefore also fail the fourth part of the Seventh Circuit's Gastineau test.

11. There is an inherent prejudice associated with evidence of the litigiousness of a party. In Mathis v. Phillips Chevrolet Inc., 269 F. 3d 771 (7th Cir. 2001), the Seventh Circuit upheld the District Court's finding that any relevance such evidence had was outweighed by the prejudice the evidence would cause the plaintiff in that case. The Seventh Circuit concluded that "the district court's concern was a reasonable one. As the Second Circuit has noted, 'a plaintiff's litigiousness may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant.'" Id., quoting Outley v. City of New York, 837 F.2d 587, 592 (2nd Cir. 1988). See also Nelson v. City of Chicago, 810 F. 3d 1061, 1071 (7th Cir. 2016) ("We fail to see how evidence of Nelson's other suits qualifies as impeachment. Nothing in his direct testimony could be contradicted by evidence that he had filed other suits against the City."); Barker v. Yassine, 2016 WL 4264149 at *2, No. 2:11-cv-00246-AC (E.D.Cal. August 15, 2016) ("Defendant here does not elaborate on how evidence of plaintiff's other lawsuits would be used to show plaintiff's 'bias and motive to sue,' but defendant appears to suggest that plaintiff's acts of filing other lawsuits shows his litigious inclination. This is a prohibited use under Rule 404.

12. To the extent defendant's proposed admission of the evidence falls within a permissible use under Rule 404(b)(2), the court finds the probative value of the evidence is substantially outweighed by the danger of unfair jury bias against the chronic litigant."); and Design Basics, LLC v. Drexel Building Supply, Inc., 2016 WL 5794746 at *6, No. 13-C-560 (E.D.Wisc. October 4, 2016) ("Plaintiff seeks to exclude any reference to any suggestion that it is a frequent litigant, a copyright 'troll,'

or that litigating copyright claims is part of its business model. The Defendant has not explained how any such evidence would be relevant to any of the facts at issue before the jury. The Plaintiff is not on trial, and thus its own history of litigation is irrelevant to any of the questions the jury must consider.).

13. Plaintiff is not on trial, and any claims of his other lawsuits do nothing to advance the determinations of whether Defendants' actions constitute violations of the TCPA. Further, the prejudicial effect of any such evidence would substantially outweigh its probative value. Therefore, such evidence is inadmissible and should be barred at trial. WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an order barring any evidence of, reference to, or questions about Plaintiff's litigation history at the trial of this matter.

14. The Plaintiff notes that a similar such motion was already granted in Cunningham v Montes, which is attached. *Page 2*

15. **There is no probative value to the jury knowing about the potential statutory damages available in this case as the court is the sole party with discretion and ability to determined damages per the statute.**

16. The statutory damages in cases arising under the TCPA are set at $500 per non-willful violation and $1,500 per willful violation. 47 U.S.C. § 227(b)(3).

Defendant may seek to introduce at trial the amount of statutory damages that may be awarded to Plaintiff under the TCPA. Should a jury determine that a certain number of impermissible calls were made to Plaintiff, the Court would award the statutory damages for non-willful violations, as the sum is fixed by statute at $500 dollars per unlawful call. The discretion of the Court could then be invoked to determine the amount of enhanced damages if the jury determines the that Defendant's violations were willful or knowing violations of the TCPA. Under 47 U.S.C. § 227(b)(3): "the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times" the $500 minimum damages award. Minimum statutory damages are not a fact issue to be presented to the jury.

See *Tomao v. Abbott Labs., Inc.*, No. 04 C 3470, 2007 WL 141909, at *2 (N.D. Ill. Jan. 16, 2007); *Brown v. Crown Equip. Corp.*, 445 F. Supp. 2d 59, 76 (D. Me. 2006). Thus, the jury has no role in determine the amount of statutory damages.

The trivial probative value of this evidence would be substantially outweighed by the unfair prejudice to the Plaintiff. See Fed. R. Evid. 402. In sum, since the calculation of statutory damages for non-will violations of the TCPA is formulaic and not discretionary (i.e., the number of calls multiplied by $500.00 dollars per call), the only effect of a jury hearing the dollar value per violation is prejudice to the Plaintiff.

This exact issue was recently ruled upon by a court in a TCPA case. The court in *Mohamed v. Off Lease Only, Inc.*, No. 15-CV-23352-CIV, 2018 WL 3882774, S.D. Fla. July 18, 2018), granted the requested *motion in limine* and stated:

> Plaintiff's Motion *in Limine* to exclude the minimum amount of statutory damages Plaintiff may be awarded under the TCPA is **GRANTED *in part***. Plaintiff seeks to exclude this evidence because the "trivial probative value of this evidence would be substantially outweighed by the unfair prejudice to Plaintiff." ECF No. 348, p. 2. Defendant argues the minimum amount of damages is relevant because it goes to Plaintiff's credibility and motives in bringing the lawsuit. While I disagree with Plaintiff that the minimum amount of damages is substantially prejudicial to his case, I agree that the probative value of this evidence is trivial, at best. Accordingly, evidence stating the minimum amount of statutory damages Plaintiff may be awarded under the TCPA shall be excluded. Defendant may mention that there *is* a statutory minimum and therefore Plaintiff has a financial incentive in bringing this suit (as does almost every plaintiff in every case), but Defendant shall be prohibited from mentioning the specific amount.

*Id.* at *1

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's *motion in limine* to preclude Defendant from introducing or the jury from considering evidence regarding the statutory damages permissible under the TCPA and prohibit any evidence, questioning, or discussion about the Plaintiff's litigation history outside of cases directly involving the named defendants in this case.

US District Court for the Eastern District of Texas

) Craig Cunningham

) Plaintiff, pro se

)

) v.

**CIVIL ACTION NO.** 4:17cv-00793

)

) CBC Conglomerate LLC, et al

**Certificate of Service**

I certify that a true copy of the foregoing was sent via mail to the defendants attorney of record

*Craig Cunningham*
Plaintiff,

5543 Edmondson Pike ste 248

Nashville, TN 37211

11/6/2019

615-348-1977

*Craig Cunningham*
Plaintiff,

11/6/2019 Plaintiff, Pro-se, 3000 Custer Road, ste 270-206 Plano, Tx 75075