Case 3:16-cv-00761-jdp Document 139 Filed 06/07/19 Page 1 of 5

*exA*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CRAIG CUNNINGHAM,

    Plaintiff,

v.

MICHAEL MONTES JR. and
TOLLFREEZONE.COM, INC.,

    Defendants.

FINAL PRETRIAL
CONFERENCE ORDER

16-cv-761-jdp

---

The court held a final pretrial conference on June 5, 2019, before United States District Judge James D. Peterson. Plaintiff Craig Cunningham appeared by telephone and by counsel, David Levin. Defendant Michael Montes, Jr. appeared by telephone and by counsel, Kevin Trost.

## A. Trial mechanics

Trial will begin on Monday, June 10, 2019. Trial days will usually begin at 9:00 a.m. and will run until 5:30 p.m., with at least an hour for lunch, a short break in the morning, and another in the afternoon. Some adjustments may be made to the schedule to accommodate other events on the court's calendar. On the first day of trial, counsel are directed to appear at 8:30 a.m. Counsel are expected to have all witnesses ready and be prepared to present evidence until the end of the trial day.

Counsel must submit electronic copies of all trial exhibits by noon on Friday. The parties need not create exhibit binders for the court, but they are free to provide exhibit binders to witnesses or opposing counsel. Presentation materials used during opening statements or closing arguments should be docketed promptly so that the record is complete. Absent a

different agreement, counsel must disclose the witnesses they plan to call and the order they plan to call them in by 6:00 p.m. the prior business day.

Counsel should use the microphones at all times and address all objections to the bench, not to opposing counsel. If counsel need to consult with one another, they should ask for permission to do so. Only the lawyer questioning a particular witness may raise objections to questions put to the witness by the opposing party and argue the objection at any bench conference.

B. Voir dire

The court and counsel reviewed the voir dire questions and made revisions.

C. Plaintiff's motion for sanctions for spoliation of evidence

The court granted Cunningham's motion for sanctions, Dkt. 151, and it will include a jury instruction to compensate for the absence of records of the calls placed through Montes's telemarketing platform. The court will revisit the wording of the instruction at the close of evidence.

D. Motions in limine

The court granted Cunningham's motion to exclude evidence of his prior litigation history, Dkt. 160, because it is irrelevant. The parties may introduce portions of depositions from Cunningham's prior cases for impeachment. But defendants may not use those depositions as a means of introducing the extent of Cunningham's litigation history.

The court denied defendants' motion to exclude evidence of fines and judgments that have been entered against them for past TCPA violations. Dkt. 165. This evidence is relevant to whether defendants had knowledge of their customers' illegal activities on their telemarketing system. Its probative value outweighs its potential prejudicial effect. The court

2

will include a limiting instruction that the jury may not consider this evidence to show propensity. Cunningham should limit the use of this other-acts evidence in closing.

E. Exhibits

The court ruled on objections to trial exhibits. The court concluded that Cunningham's exhibits five through ten are likely admissible as business records under Federal Rule of Evidence 803(6). Cunningham should promptly disclose to defendants' counsel the authenticating declarations from Republic Wireless. If defendants wish to renew their objection after seeing these declarations, they may do so.

Cunningham's exhibits 12 and 13 are excluded as irrelevant. Cunningham may ask Montes about his failure to preserve the call-records evidence, but he may not introduce the litigation correspondence unless the letters become necessary to refresh Montes's recollection or for impeachment purposes.

The court will admit Cunningham's exhibits 26 and 27 in accordance with its ruling on defendants' motion in limine. But it will defer a final ruling on admissibility until after it has reviewed the actual exhibits.

The court overruled Cunningham's objection to defendants' exhibit 501, Tollfreezone.com, Inc.'s terms of use. That evidence is relevant to defendants' knowledge of their clients' activities. The court sustained Cunningham's objections to defendants' exhibit 503, a list of Cunningham's pending cases, in accordance with its ruling on Cunningham's motion in limine. The court sustained Cunningham's objection to defendants' exhibits 506 through 508, which are Google search results for Cunningham's three telephone numbers. These exhibits may be used only for impeachment.

3

Cunningham's counsel asked whether, based on the ruling on spoliation sanctions, the court would admit evidence of Cunningham's subpoena to Montes and Montes's response. The court will allow Cunningham to examine Montes about his response to Cunningham's subpoena, but the exhibits likely won't be necessary unless Montes needs his recollection refreshed.

The parties stipulated to the admission of the transcript of the Hall deposition.

Documents designated as confidential under the parties' protective order may be used in open court during trial, but will remain sealed on the docket.

F. Jury instructions and verdict form

The court and counsel discussed the jury instructions and verdict form and made revisions to the instructions. The parties may submit any further corrections or revisions by noon on Friday, June 7, 2019. The court will provide final versions of the jury instructions by the end of the day on June 7.

Cunningham asked that defendants be prohibited from commenting on the amount of statutory damages provided for under the TCPA. The court will grant this request.

Cunningham also raised the possibility that he will move for enhanced damages under 47 U.S.C. § 227(b)(3). The parties agreed that that issues related to enhanced damages may be briefed and argued after the trial, if necessary.

4

ORDER

IT IS ORDERED that:

1. Plaintiff Craig Cunningham's motion for sanctions for spoliation of evidence, Dkt. 151, is GRANTED.

2. Plaintiff's motion in limine to prohibit evidence of his litigation history, Dkt. 160, is GRANTED.

3. Defendants Michael Montes Jr. and Tollfreezone.com, Inc.'s motion in limine to exclude evidence of past judgments and fines, Dkt. 165, is DENIED.

Entered June 7, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge